

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-21-2005

# Rahimov v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1799

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Rahimov v. Atty Gen USA" (2005). *2005 Decisions.* Paper 370.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/370

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 04-1799

_____

UMED RAHIMOV

Petitioner

v.

ALBERTO R. GONZALES, Attorney General
of the United States of America[*]

Respondent

_____

On Petition for Review from the
United States Department of Justice
Board of Immigration Appeals
BIA No. A78 817 484

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 20, 2005

BEFORE: SCIRICA, Chief Judge, VAN ANTWERPEN and
ALDISERT, Circuit Judges

(Filed:   October 21, 2005)

_____

OPINION OF THE COURT

_____

[*] Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

VAN ANTWERPEN, <u>Circuit Judge</u>.

Because we write only for the parties, we need not restate the facts. At issue in this case is whether the Immigration Judge ("IJ") and the Board of Immigration Appeals ("BIA") erred in denying Petitioner Rahimov's Motion to Reopen his removal proceedings after the IJ entered a removal order in absentia against Rahimov. This Court has jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen a removal proceeding for abuse of discretion. <u>Shardar v. Ashcroft</u>, 382 F.3d 318, 324 (3d Cir. 2004). "Discretionary decisions of the BIA will not be disturbed unless they are found to be 'arbitrary, irrational or contrary to law.'" <u>Tipu v. INS</u>, 20 F.3d 580, 582 (3d Cir. 1994) (quoting <u>So Chun Chung v. INS</u>, 602 F.2d 608, 612 (3d Cir. 1979)). Our review is further confined by the nature of the underlying order. Our review of an order of removal entered in absentia is "confined to (i) the validity of the notice provided to the alien, (ii) the reasons for the alien's not attending the proceeding, and (iii) whether or not the alien is removable." 8 U.S.C. § 1229a(b)(5)(D).

A.

An IJ must enter an order of removal in absentia against an alien if the alien does not attend a removal proceeding and it is "establishe[d] by clear, unequivocal, and convincing evidence" that the alien is removable and was provided with written notice of the proceeding. 8 U.S.C. § 1229a(b)(5)(A). Rahimov does not contest his removability, but instead argues that he did not receive notice of his removal proceeding.

2

Pursuant to 8 U.S.C. § 1229(a), an alien facing removal proceedings is entitled to adequate notice of the proceeding, including specific information about the nature of the proceeding, the legal authority under which the proceeding is conducted, and several other statutorily delineated elements. 8 U.S.C. § 1229(a)(1)(A)-(G). Notice may be given in person, or if this is impractical, through service by the mail to the alien or his counsel. 8 U.S.C. § 1229(a)(1)&(2)(A).

On November 6, 2001, Rahimov was served with a notice of removal containing all of the statutorily required elements except the date and time of the removal proceeding. Although this notice incorrectly listed an address for Rahimov in Cincinnati, Ohio, the address is unimportant because the notice was personally served upon Rahimov as permitted by 8 U.S.C. § 1229(a)(1). On January 2, 2002, Rahimov filed with the INS a Form I-830, "Notice to EOIR: Alien Address," on which he reported his address as 9 Stella Drive in Churchville, Pennsylvania. App. at 155. Rahimov does not dispute that he resided at this address and only this address during the time period at issue in this proceeding. On March 1, 2002, the Immigration Court notified Rahimov that his Master Calendar hearing had been rescheduled for August 6, 2002, at 9:00 a.m. Id. at 154. This notice, which also described the consequences for not attending the proceeding, was mailed to Rahimov at his Churchville, Pennsylvania address, id., as permitted by 8 U.S.C. § 1229(a)(2)(A). Although Rahimov claims he never received this notice, he offered no evidence to dispute the above facts, and we can therefore only conclude that adequate

3

notice was sent to Rahimov. Thus, the underlying order for removal was proper.

B.

Having established that the underlying order was properly entered, we must next determine whether the IJ should have ordered the removal proceedings reopened. An order of removal granted in absentia may only be rescinded upon a motion to reopen if the alien demonstrates (1) that he was in Federal or State custody and his failure to appear was through no fault of his own, (2) he did not receive adequate notice of the proceeding, or (3) his failure to appear was because of exceptional circumstances. 8 U.S.C. § 1229a(b)(5)(C). Rahimov does not argue that he was in custody at the time of his hearing, therefore, he is entitled to have his proceeding reopened only if he demonstrates that he did not receive notice of the hearing or that exceptional circumstances prevented him from attending the hearing. Id.

On a motion to reopen, the burden is on the alien to demonstrate that he or she did not receive notice of the proceeding. 8 U.S.C. § 1229a(b)(5)(C)(ii) ("[A]n order may be rescinded only . . . (ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 239(a) [8 USCS § 1229(a)] . . . ."). Furthermore, the motion must be "supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B). Here, Rahimov's motion to reopen was accompanied only by an unsworn, three-sentence statement by Rahimov in which he claims that he never received the notice of hearing. We conclude

4

that the BIA did not abuse its discretion when it determined that Rahimov failed to meet his burden of demonstrating that he did not receive notice of the proceedings.

Likewise, Rahimov failed to demonstrate that exceptional circumstances prevented him from attending the removal proceedings. "The term 'exceptional circumstances' refers to exceptional circumstances (such as serious illness of the alien or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1229a(e)(1). Rahimov's only claim is that he never received notice of the hearing. Not only does "lack of notice" appear to be less compelling than those circumstances otherwise deemed "exceptional," but its status as an independent ground upon which an alien may base a motion to reopen suggests that it cannot be considered an "exceptional circumstance" as well. As Rahimov presented no other evidence of exceptional circumstances preventing his attendance at the removal proceeding, we conclude that the BIA properly denied his appeal.

Nor are we persuaded that Rahimov was denied due process. As the Ninth Circuit explained, "[d]ue process, in deportation proceedings, 'includes the right to a full and fair hearing.'" Sharma v. INS, 89 F.3d 545, 548 (9th Cir. 1996) (quoting Getachew v. INS, 25 F.3d 841, 845 (9th Cir. 1994)). "Petitioners cannot complain of an order entered in absentia, however, if they 'voluntarily choose[] not to attend a deportation hearing which may affect [them] adversely.'" Id. (quoting United States v. Dekermenjian, 508 F.2d 812, 814 (9th Cir. 1974)) (alterations in the original). Here, the record indicates that the

5

government notified Rahimov of his hearing and Rahimov did not attend; the IJ did not violate due process by proceeding in his absence.

In conclusion, we note that although Rahimov dedicated more than the majority of his brief to the merits of his claims for relief from removal, a meritorious claim is not grounds for a reversal. For this reason, and those stated above, the petition is denied.