# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 04-3583/06-1014

_____

Mohammed Shawkat Haider,     *
    *
      Petitioner,     *
    *    On Petition for Review of
     v.     *    the Decision of the Board
    *    of Immigration Appeals.
Alberto Gonzales, Attorney General     *
of the United States of America,[1]     *
    *
      Respondent.     *

_____

Submitted: November 18, 2005
Filed: February 27, 2006

_____

Before MURPHY, BOWMAN, and GRUENDER, Circuit Judges.

_____

BOWMAN, Circuit Judge.

An immigration judge (IJ) entered an order in absentia removing Mohammed Shawkat Haider to Bangladesh after Haider failed to appear at a removal hearing. Haider then unsuccessfully sought to reopen the removal proceedings. Haider now seeks review of a decision of the Board of Immigration Appeals (BIA) affirming the IJ's refusal to reopen the removal proceedings. We deny Haider's Petition for Review.

_____

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Alberto Gonzales is automatically substituted for his predecessor, John Ashcroft, as respondent.

On April 16, 2003, Haider, with the help of his attorney, Elizabeth M. Streefland, filed an Application to Register Permanent Residence or Adjust Status with the Immigration and Naturalization Service (INS).[2]  On his application, Haider listed his address as 250 Grandview Avenue West, Apartment 358, Roseville, Minnesota.  On April 22, the INS initiated removal proceedings against Haider by personally serving him with a Notice to Appear (NTA).  The NTA charged that Haider was subject to removal under the Immigration and Nationality Act (INA) for failing to comply with the conditions of his nonimmigrant status.  The NTA stated that Haider was admitted to the United States in March 1994 as a nonimmigrant student, but he had not attended school since October 1994.  The NTA contained a case number, which remained with the case throughout the removal proceedings.  The NTA listed the address that Haider provided in his adjustment-of-status application.

The NTA ordered Haider to appear before an IJ in Bloomington, Minnesota, "on a date to be set at a time to be set to show why [Haider] should not be removed from the United States."  Certified Admin. Rec. at 551.  The NTA warned Haider that failure to keep his address current could result in removal in absentia:

> You are required to provide the INS, in writing, with your full mailing address . . . .  You must notify the Immigration Court immediately . . . whenever you change your address . . . .  Notices of hearing will be mailed to this address.  If you do not . . . provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing.  If you fail to attend the hearing at the time and place designated on this notice, or

---

[2]In March 2003, the functions of the INS were transferred to the newly formed Department of Homeland Security.  See Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002).  Because many of the documents in the record refer to the INS, we will refer to the INS in this opinion.

any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence.

Id. at 552. The agent serving Haider with the NTA certified that he told Haider of the consequences of failing to appear.

Shortly after being served with the NTA, Haider moved from apartment 358 to apartment 159 at the same address. Haider did not notify the INS, the Immigration Court, or Streefland of his change of address. Haider also did not file a forwarding address with the U.S. Postal Service. In an affidavit filed with the Immigration Court approximately one year after he moved, Haider admitted, "I was served with an N.T.A. (Notice to Appear) for a master calendar hearing—date of which would be mailed to my address. . . . In May of 2003, I moved from [apartment] 358 to 159 (3rd floor to 1st floor) of the same apartment building and thus keeping the same street address and zip code. I forgot to do a change of address with [the] INS or with [my attorney after I moved]." Id. at 472. Thus, "Haider does not dispute that he changed addresses and failed to inform the [INS]." Brief of Petitioners at 25.

The INS filed the NTA with the Immigration Court on June 6, 2003, at which time the Immigration Court scheduled a hearing for August 1 at 11:00 a.m. The Immigration Court then mailed a Notice of Hearing in Removal Proceedings (NOH) to Haider at the address listed on the NTA. The NOH was returned as undeliverable. When Haider failed to appear at his removal hearing, the IJ conducted an in absentia hearing. After finding that Haider was served with written notice of the hearing and that he was removable, the IJ entered a removal order against Haider.

On March 3, 2004, Streefland filed with the Immigration Court a Motion to Reopen Removal Proceedings to Rescind In Absentia Order of Removal (Motion to Reopen), arguing that neither she nor Haider had received notice of the removal

hearing.[3] On March 14, Streefland resubmitted the Motion to Reopen to avoid paying a filing fee by basing the motion solely on lack of notice. Streefland also filed a notice of appearance (Form EOIR-28) that she represented Haider in the removal proceedings. On March 30, the IJ denied the Motion to Reopen. Finding that Haider was personally served with the NTA, he was informed of the consequences of failing to appear for a hearing, he was told to keep the Immigration Court informed of any address changes, he failed to inform the Immigration Court of his address change, and the NOH was mailed to Haider's last known address, the IJ refused to reopen the proceedings. The IJ also held that Streefland was not entitled to receive the NOH because she was not Haider's attorney of record until she filed Form EOIR-28.

In April 2004, Streefland withdrew as Haider's counsel. On May 5, Haider's new attorney, Maria K. Woroby, filed a Motion to Reopen Removal Proceedings (Second Motion to Reopen) based on ineffective assistance of counsel. On May 20, the IJ denied the motion, holding that Haider did not satisfy the requirements for an ineffective-assistance claim. The IJ also reiterated that Haider was personally served with the NTA, was advised to keep the Immigration Court informed of any changes of address, and failed to keep the Court updated. On May 25, Woroby filed with the Immigration Court a Motion to Reconsider the IJ's denial of Haider's Second Motion to Reopen. The Motion to Reconsider argued that the Second Motion to Reopen complied with the procedural requirements to reopen proceedings based on ineffective assistance of counsel. On June 10, the IJ denied the Motion to Reconsider, specifically noting that the Motion to Reconsider "did not address the issue of personally receiving the NTA and failing to keep the Court advised of any changes of address." Id. at 417-18.

---

[3]Attached to the Motion to Reopen was a letter to Haider from the INS dated April 16, 2003, explaining that the INS had received his adjustment-of-status application and notifying him that he "must update [his] address within 10 days of an address change." Certified Admin. Rec. at 527.

Woroby appealed the IJ's June 10 decision to the BIA, arguing that the issues "center[ed] on the requirements of notice and due process." Id. at 393. Woroby argued that the removal order was invalid because Haider was not served the NTA, claiming that the NTA was given to Streefland. On October 14, 2004, the BIA dismissed Haider's appeal. The BIA initially noted that the appeal was limited to whether the IJ erred in her June 10 decision to deny the Motion to Reconsider. The BIA summarized the IJ's decision as denying Haider's attempt to file a third motion to reopen based on new evidence in pursuing an ineffective-assistance claim. The BIA also noted that Haider's Motion to Reconsider "failed to challenge or address [the IJ's] prior determination that he can be constructively charged with having received notice of the hearing based on his failure to inform the Immigration Court of his change of address." Id. at 2. The BIA refused to consider evidence and arguments that were not submitted to the IJ. Relevant here, the BIA specifically noted that Woroby "argues for the first time that [Haider] never received a copy of the [NTA] from [Streefland] and as a result he never knew of his duty to inform [the INS] and the Immigration Court of his change of address." Id. at 3. Rejecting this contention, the BIA concluded that the IJ did not err in "finding that [Haider] personally received the [NTA] and that he could be constructively charged with receiving adequate notice of the time and place of his hearing." Id.

On October 20, 2004, Haider hired a new attorney, who filed in this Court the Petition for Review, a Motion for Stay of Removal, and a Motion to Vacate Orders and Dismiss for Lack of Subject Matter Jurisdiction (Motion to Dismiss). The Court granted a Stay of Removal, but ordered that the Motion to Dismiss be taken with the case submitted to this panel. On November 23, Haider's new attorney filed a Petition for Writ of Habeas Corpus in the United States District Court for the District of Minnesota, contending that the INS never provided Haider with a valid NTA. The government later notified the District Court of the enactment of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005), arguing that the District Court was required to transfer the habeas case to this Court because the REAL ID Act placed

exclusive review of orders of removal with the circuit courts. Concluding that Haider's habeas petition challenged a final order of removal, the District Court transferred the habeas case to this Court. Haider filed a Notice of Appeal challenging the District Court's order transferring the habeas case to this Court. On January 9, 2006, we consolidated the transferred habeas case with the Petition for Review.

Haider contends that his removal proceedings must be reopened because he did not receive adequate notice of the hearing. Haider maintains that the NTA violated his due-process rights because it did not give a date and time for the hearing. Haider also argues that Streefland provided ineffective assistance of counsel because she did not "affirmatively place herself in [Haider's] place for the purposes of ensuring that he possessed representation in the [Immigration Court, which] contributed to his denial of access to a full and fair hearing." Brief of Petitioners at 21.

II.

We will grant Haider's Petition for Review only if we determine that the BIA abused its discretion in affirming the IJ's refusal to reopen the removal proceedings. Sukhov v. Gonzales, 403 F.3d 568, 570 (8th Cir. 2005). An abuse of discretion occurs when the BIA's "decision is without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim." Kanyi v. Gonzales, 406 F.3d 1087, 1089 (8th Cir. 2005) (quotation marks and citation omitted).

A.

In removal proceedings, an alien must be given written notice containing certain information. 8 U.S.C. § 1229(a)(1) (2000). Relevant here, an alien must be notified (1) of "[t]he time and place at which the proceedings will be held"; (2) that he must

immediately provide the Attorney General a written record of an address at which the alien may be contacted about removal proceedings; (3) that he must immediately provide the Attorney General a written record of any change of address; and (4) that the failure to update his address could result in the entry of an in absentia removal order.[4]  Id. § 1229(a)(1)(F), (G).  Anticipating that times and places of removal proceedings can change, the INA instructs that aliens be notified of such changes and of the consequences of failing to attend such proceedings.  Id. § 1229(a)(2)(A). Written notice of such a change is not required, however, when an alien fails to provide a written record of a change of address.  Id. § 1229(a)(2)(B).

The INA does not detail how to serve notice of a hearing.  To fill in the blanks, regulations authorize which immigration officers may serve an NTA, 8 C.F.R. § 239.1 (2005), providing "the time, place and date of the initial removal hearing, where practicable," id. § 1003.18(b).  If the NTA does not contain this information, however, then the Immigration Court must "schedul[e] the initial removal hearing and provid[e] notice to the government and the alien of the time, place, and date of hearing."  Id.

Failing to appear at a removal hearing bears harsh consequences:

> Any alien who, after written notice required under [8 U.S.C. § 1229(a)(1) or (2)] has been provided to the alien or the alien's counsel of record, does not attend a proceeding . . . shall be ordered removed in absentia if the [INS] establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable . . . .  The written notice by the Attorney General shall be

---

[4]The INA states that written notice "shall be given in person to the alien," but allows for "service by mail to the alien or to the alien's counsel of record, if any," when "personal service is not practicable."  8 U.S.C. § 1229(a)(1).  The INS initiated removal proceedings against Haider by personally serving him with a written NTA. The Immigration Court later served a written NOH by mailing it to Haider.

considered sufficient . . . if provided at the most recent address provided under [8 U.S.C. § 1229(a)(1)(F)].

8 U.S.C. § 1229a(b)(5)(A); see Dominguez v. United States Attorney Gen., 284 F.3d 1258, 1260 (11th Cir. 2002) (per curiam) ("The statute clearly provides that notice to the alien at the most recent address provided by the alien is sufficient notice, and that there can be an in absentia removal after such notice."). The INA reiterates that no written notice is necessary under § 1229a(b)(5)(A) "if the alien has failed to provide the address required under" § 1229(a)(1)(F). 8 U.S.C. § 1229a(b)(5)(B). When Haider failed to appear at his hearing, the IJ issued an in absentia removal order against Haider. Haider then repeatedly sought, and failed, to reopen his removal proceedings. An IJ may rescind an in absentia removal order if the alien's failure to appear was based on "exceptional circumstances" or when an alien can demonstrate that he did not receive proper notice under 8 U.S.C. § 1229(a)(1) or (2). Id. § 1229a(b)(5)(C)(i), (ii). Haider has sought to reopen his removal proceedings based on lack of notice.

Concluding that the written notices served on Haider satisfied § 1229(a)(1)'s requirements, we hold that the BIA did not abuse its discretion in affirming the IJ's denial of the Motion to Reconsider. See Rahimov v. Gonzales, 152 Fed. Appx. 174, 174–176 (3d Cir. 2005) (denying petition for review to reopen in absentia removal proceedings where initial notice of removal contained "all of the statutorily required elements except the date and time of the removal proceeding," but subsequent notice mailed by Immigration Court to alien at his listed address contained time and date of hearing, even though alien claimed he did not receive that notice). We also conclude that the IJ did not abuse her discretion in denying the motions to reopen. See Zapata v. Ashcroft, 93 Fed. Appx. 420, 424 (3d Cir. 2004) (holding "that the IJ did not abuse his discretion when he determined that Zapata's motion to reopen based on a lack of notice should not be granted, given his failure to inform the government of his change of address as required").

Throughout the three years of this litigation, Haider has contended that his removal proceedings must be reopened because the NTA failed to notify him of the date and time of his removal hearing. This contention misses the mark because it focuses only on the NTA. The INA simply requires that an alien be provided written notice of his hearing; it does not require that the NTA served on Haider satisfy all of § 1229(a)(1)'s notice requirements. Our reading of the INA and the regulations compels the conclusion that the NTA and the NOH, which were properly served on Haider, combined to provide the requisite notice. The NTA initiated removal proceedings against Haider and informed him that an NOH would be mailed to the address listed on the NTA.[5] And Haider's affidavit reveals that he understood that this would happen. As promised, the Immigration Court later mailed the NOH containing the date and time of the hearing to Haider. We see nothing unlawful about this conduct. Indeed, the regulations reasonably authorize the Immigration Court to set the date and time of its own hearings and provide due notice to the alien. The only reason Haider did not receive the NOH was because he moved without notifying the INS, the Immigration Court, the U.S. Postal Service, or even Streefland of his new address. See United States v. Estrada-Trochez, 66 F.3d 733, 736 (5th Cir. 1995) (explaining that "the ultimate fault [for missing a hearing] lies with the [alien] for his failure to comply with a law [requiring the alien to update his address] that is essential to the administration of the INS").

---

[5]Haider essentially argues that the NTA was meaningless because it did not include the date and time of his removal hearing. That is nonsense. The NTA played a crucial role in the removal proceedings by (1) notifying Haider that removal proceedings had been initiated against him; (2) explaining why he was removable; (3) informing Haider that the date and time of his removal hearing would be set at a later date; (4) informing Haider that the NOH would be mailed to the address that he provided to the INS; (5) clearly and forcefully ordering Haider to keep the INS or the Immigration Court informed of his current address; and (6) warning Haider that failure to update his address could result in removal in absentia. Haider had no unfettered right to ignore the NTA and change his address without notifying the INS or the Immigration Court.

We wish to be clear that the NTA, if it were the only notice served on Haider in this case, would not have authorized in absentia removal because Haider would not have been served notice of the date and time of the hearing as required by § 1229(a)(1). We also note that Haider does not claim that the NOH with the date and time of the hearing was mailed to the correct address, i.e., apartment 358, but he simply did not receive it. See Ghounem v. Ashcroft, 378 F.3d 740, 743–45 (8th Cir. 2004) (granting petition for review because the alien rebutted the presumption that he received the NOH that was mailed to the correct address such that the only notice that the alien had received was an NTA lacking the date and time of the hearing). The NOH containing the date and time of the hearing was properly served on Haider by mail. The only reason Haider did not receive the NOH was because he moved without updating his address. The lesson of this case is clear—once the INS initiates removal proceedings by personally serving an alien with an NTA, the alien must remain vigilant and proactive by keeping the INS and the Immigration Court informed of any address changes.

B.

Haider also argues that his due-process rights were violated because of lack of notice. "Due process is satisfied so long as the method of notice is conducted in a manner reasonably calculated to ensure that notice reaches the alien." Dominguez, 284 F.3d at 1259 (quotation marks and citations omitted); see Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 318 (1950) (stating "that within the limits of practicability notice must be such as is reasonably calculated to reach interested parties"). In the immigration context, "[n]otice of an exclusion hearing sent by regular mail to the last address provided by the alien satisfies the requirements of constitutional due process." Gurung v. Ashcroft, 371 F.3d 718, 721 (10th Cir. 2004). We hold that Haider's due-process rights were not violated. Haider supplied the INS, and thus the Immigration Court, with his address, but later moved without notifying either the INS or the Immigration Court. The Immigration Court complied with its

duty of mailing the NOH to Haider at the address listed in the NTA. The only reason Haider did not receive the NOH was because he moved without complying with his duty to update his mailing address. We conclude that the Immigration Court's method of service was reasonably calculated to ensure that Haider received notice of his removal hearing. Thus, it satisfies due-process requirements. See Estrada-Trochez, 66 F.3d at 736 (holding that the notice of a removal hearing sent to an alien via first-class mail at his last-known address satisfied due-process requirements where the alien moved without informing the INS of his new address).

C.

Haider contends that he was removed in absentia because Streefland provided ineffective assistance. We disagree. First, we note that Haider not only failed to notify the INS or the Immigration Court that he had changed addresses, but he also failed to inform Streefland of his new address until after Haider missed his removal hearing. Even Streefland could not have notified the INS or the Immigration Court of Haider's new address until it was too late. Second, the INS and the Immigration Court complied with the INA by serving the notices on Haider. Third, Streefland was not Haider's attorney of record in the removal proceedings until she filed her notice of appearance with the Immigration Court on March 16, 2004, nearly a year after the removal hearing. See Ghounem, 378 F.3d at 742 n.2 (stating that an attorney who filed an appearance on behalf of an alien with the INS is not considered the alien's attorney of record with the Immigration Court until the attorney files an appearance with that court); 8 C.F.R. § 1003.17(a) (requiring an attorney representing an alien in a removal proceeding to file a notice of appearance on Form EOIR-28 with the Immigration Court even if the attorney previously filed a notice of appearance with the INS).

Although Haider blames Streefland (and the IJ and the BIA) for his failure to attend the removal hearing, the blame lies solely with Haider. His failure simply to

notify the INS or the Immigration Court of his change of address, after the INS initiated removal proceedings against him and warned him of the dire consequences of failing to keep his address current with the INS, caused him to miss his opportunity to be present at his removal hearing. Perhaps Streefland best explained the root of the problem: "I relied on Mr. Haider receiving his hearing notice as the best method to know when he had a court hearing. When he moved without notifying the government, then the situation arose where neither he nor I received a hearing notice." Certified Admin. Rec. at 461.

## D.

Haider's Motion to Dismiss argues that this Court lacks jurisdiction to review the BIA's decision because the IJ and the BIA lacked jurisdiction to issue their decisions. Specifically, Haider contends that jurisdiction never vested with the Immigration Court because the NTA did not include the date and time of the removal hearing. We disagree. In removal proceedings, jurisdiction vests with the Immigration Court when the INS files a charging document with the Court. 8 C.F.R. § 1003.14(a). In this case, the INS filed the NTA, i.e., the charging document, with the Immigration Court on June 6, 2003. For the reasons already discussed, we conclude that the NTA was sufficient to initiate removal proceedings against Haider and thereby vest the Immigration Court with jurisdiction. Therefore, we deny Haider's Motion to Dismiss.

## E.

The final issue to address is Haider's appeal of the District Court's decision to transfer Haider's habeas case to this Court. The District Court concluded that it was "left with the inescapable conclusion that [Haider]'s challenge to the constitutionality of the notice provided to him, is, in effect, a challenge to the ultimate Order of Removal." Report & Recommendation at 8. The Petition for Review that Haider filed

with this Court vested in us "the sole and exclusive means for judicial review of an order of removal." REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, Title I, § 106(a), 119 Stat. 231, 310 (2005) (codified at 8 U.S.C. § 1252(a)(5)). We agree with the District Court that Haider makes the same argument, i.e., that the in absentia removal order was invalid due to lack of notice, in his Petition for Writ of Habeas Corpus that he makes in his Petition for Review. Because Haider's Petition for Writ of Habeas Corpus does nothing more than attack the IJ's removal order, our Court "shall be the sole and exclusive means for judicial review." Accordingly, we conclude that the District Court rightly complied with the REAL ID Act by transferring Haider's habeas case to us. See id. § 106(c), 119 Stat. at 311 ("If an alien's case, brought under [8 U.S.C. § 2241] and challenging a final administrative order of removal . . ., is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal . . .) to the court of appeals for the circuit in which a petition for review could have been properly filed."). The reasons stated above for denying Haider's Petition for Review resolve the transferred case as well. Id. ("The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review.").

## III.

For the reasons discussed, we deny the Petition for Review, deny the Motion to Dismiss, affirm the District Court's decision to transfer Haider's habeas case to this Court, and deny his Petition for Writ of Habeas Corpus. Finally, we direct the Clerk of Court to vacate Haider's Stay of Removal when our mandate issues.

——————————————