# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2104

_____

Irakli Bregvadze,                                      *
                                                       *
            Petitioner,                                *
                                                       *   Petition for Review
      v.                                               *   of an Order of the
                                                       *   Board of Immigration Appeals.
Alberto Gonzales, Attorney General of                  *
the United States of America,                          *   [UNPUBLISHED]
                                                       *
            Respondent.                                *

_____

Submitted: October 6, 2006
Filed: October 23, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Irakli Bregvadze, a citizen of Georgia, petitions for review of an order of the Board of Immigration Appeals (BIA) which affirmed an Immigration Judge's (IJ's) denial of his motion to reopen removal proceedings. In February 2000 the former Immigration and Naturalization Service (INS) charged Bregvadze with being removable and, in March 2000, he was ordered removed in absentia after he failed to appear for his removal hearing. Four years later, in March 2004, he moved to reopen, but the IJ denied the motion as untimely, and the BIA adopted and affirmed the IJ's decision.

After careful review of the record, we conclude the BIA did not abuse its discretion in affirming the IJ's denial of the motion to reopen as untimely. <u>See</u> 8 U.S.C. § 1229a(b)(5)(C) (motion to reopen in absentia removal proceeding may be brought at any time if alien demonstrates he did not receive proper notice of the hearing; otherwise motion must be filed within 180 days after date of removal order); <u>Haider v. Gonzales</u>, 438 F.3d 902, 906-08 (8th Cir. 2006) (BIA did not abuse its discretion in denying untimely-filed motion to reopen where alien was personally served with Notice to Appear, putting him on notice of the removal proceedings including his obligation to keep his address updated, and a subsequent Notice of Hearing, containing time and date information, was mailed to him at his listed address; alien's assertion that he did not receive the Notice of Hearing as he had moved did not provide grounds for reopening because he failed to update his address); <u>Iavorski v. INS</u>, 232 F.3d 124, 134 (2d Cir. 2000) (2-year delay between alien's in absentia removal hearing and his next effort towards investigating his claim reflected lack of diligence not warranting equitable tolling of limitations period for filing motion to reopen).

Accordingly, we deny the petition for review.

_____