**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 6, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-61077
Summary Calendar
_____

SYED FEROZ MEHDI,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 528 147
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

     Syed Feroz Mehdi, a native of Pakistan, petitions for review

of the Board of Immigration Appeals' summary affirmance of the

decision of the immigration judge to deny his applications for

withholding of removal and protection under the Convention

Against Torture (CAT).  In his applications, Mehdi asserted that

he would be targeted by Sunni violence if returned to Pakistan

because he is a famous cricket player who is a Shia and because

the Sunnis are targeting Shias who are professionals.  He argues

(1) that the Immigration Court lacked subject matter jurisdiction

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

due to a statutorily non-compliant Notice to Appear (NTA) and (2) that the IJ improperly disregarded Department of State evidence verifying the human rights violations and persecution of Shias in Pakistan.

Regarding the NTA, Mehdi argues that it was insufficient because it did not specify a time and place at which the proceedings would be held, as required by 8 U.S.C. § 1229(a)(1)(G)(i). Instead, the NTA ordered him to appear before an IJ "on a date to be set at a time to be set." However, the day after the NTA issued, Mehdi received a written Notice of Hearing (NOH), which indicated the date and time of the hearing; he appeared and testified at the hearing. Therefore, Mehdi had actual notice, and he was not prejudiced by the omission of a time and date on the NTA. The NTA and the NOH combined to satisfy the statutory requirements of written notice. See Haider v. Gonzales, 438 F.3d 902, 907 (8th Cir. 2006) ("Our reading of the INA and the regulations compels the conclusion that the NTA and the NOH, which were properly served on [the alien], combined to provide the requisite notice."). Mehdi's argument that the NTA deprived the Immigration Court of jurisdiction lacks merit.

Regarding Department of State evidence on Pakistan, Mehdi complains that the IJ ignored most of it and considered only that the violence against Shias in Pakistan has been ongoing for decades. However, the IJ specifically noted that he considered the Pakistan Country Report and accorded it limited weight. The

IJ noted that the religious violence in Pakistan was occurring during the time Mehdi was in Pakistan and that Mehdi was not harmed. The IJ concluded that Mehdi would not be "in any more danger today than he would have been when he lived in Pakistan and was not harmed." Moreover, the IJ found that Mehdi was not truthful when he said that he intended to remain in the United States only for the six-month duration of his visa.

We accord "great deference" to an IJ's decisions concerning an alien's credibility. Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002). The only way for an alien to overcome an adverse credibility determination is through evidence that compels a finding in his favor. Chun v. INS, 40 F.3d 76, 79 (5th Cir. 1994). Mehdi does not point to any evidence that contradicts the IJ's finding that he intended to live and work in the United States and did not intend to leave when his six-month visa expired. There is no evidence in the record that compels a contrary finding. Nor has Mehdi shown a "clear probability" of persecution upon his return. See Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994). Substantial evidence supports the IJ's denial of Mehdi's application for withholding of removal. See Majd v. Gonzales, 446 F.3d 590, 594 (5th Cir. 2006).

Because Mehdi offered no evidence that he will be tortured upon his return to Pakistan, he has not met the higher bar of torture. See Roy v. Ashcroft, 389 F.3d 132, 139 (5th Cir. 2004).

PETITION DENIED.