# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3435

_____

Lusajo Kasyupa,      *
     *
       Petitioner,      *
     *
     *    Petition for Review of an
     *    Order of the
     *    Board of Immigration Appeals.
Peter D. Keisler, Acting Attorney      *    [UNPUBLISHED]
General of the United States,[1]      *
     *
       Respondent.      *

_____

Submitted: September 27, 2007
Filed: October 24, 2007

_____

Before LOKEN, Chief Judge, WOLLMAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Lusajo Kasyupa petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of a request to reopen the IJ's order of removal *in absentia*. We deny the petition.

_____

[1]Peter D. Keisler has been appointed to serve as Acting Attorney General and is substituted as respondent pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure.

## I. Background

Kasyupa, a native and citizen of Tanzania, entered the United States in 1995 on a student visa. He remained in the United States after his visa expired and shortly thereafter married a United States citizen. In 1998, Kasyupa was charged with removability and served with a Notice to Appear. Kasyupa appeared at the hearing and admitted that he was subject to removal. The case was administratively closed because Mrs. Kasyupa had a pending Petition for Alien Relative (I-130) filed on Kasyupa's behalf.

In the five years following the I-130 filing, Kasyupa and his wife changed residences three times. Kasyupa notified only his attorney upon the first move and thereafter failed to notify his attorney, the immigration court, or the Department of Homeland Security (DHS) regarding his subsequent changes in address. In 2006, Mrs. Kasyupa's I-130 was denied because of her failure to provide proof of citizenship. Shortly thereafter, DHS reinstigated removal proceedings against Kasyupa by filing a motion to recalendar removal proceedings. A hearing was scheduled and notice was mailed to Kasyupa's address on file and to his attorney of record. Kasyupa's attorney filed a motion opposing the motion to recalendar and a motion to withdraw as counsel because of his inability to locate Kasyupa.

Kasyupa failed to appear at the hearing. The IJ ordered Kasyupa's removal *in absentia*. Kasyupa filed a motion to reopen, arguing that he failed to appear at the hearing because of exceptional circumstances. The IJ denied Kasyupa's motion to reopen, and the BIA affirmed.

## II. Discussion

Kasyupa's petition for review asserts that the BIA abused its discretion when it denied his motion to reopen the *in absentia* removal order and that the denial violated his due process right by denying him a meaningful opportunity to be heard.

We review the denial of a motion to reopen for abuse of discretion. Haider v. Gonzales, 438 F.3d 902, 906 (8th Cir. 2006). The BIA abuses its discretion when its "decision is without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim." Id. (quoting Kanyi v. Gonzales, 406 F.3d 1087, 1089 (8th Cir. 2005)). We review legal questions, such as whether an alien has been denied due process in an immigration proceeding, *de novo*. Vue v. Gonzales, 496 F.3d 858, 859 (8th Cir. 2007); see Nazarova v. Immigration & Naturalization Service, 171 F.3d 478, 482 (7th Cir. 1999).

## A. Exceptional Circumstances

An IJ can order removal of an alien *in absentia* if the alien is shown to be removable by clear, unequivocal, and convincing evidence, the notice sent to the alien complied with the statutory requirements for notice, and the alien failed to appear. 8 U.S.C. § 1229a(b)(5)(A). An alien's only recourse in the face of such an order is to challenge the sufficiency of the notice or to assert that exceptional circumstances prevented the alien's attendance at the hearing. 8 U.S.C. § 1229a(b)(5)(C). Kasyupa concedes that notice was properly sent, but argues that because he mistakenly believed he did not need to provide his attorney, the immigration court, or DHS with his current address, and because he did not receive actual notice of the hearing as a result, his failure to appear at the deportation hearing was justified by exceptional circumstances. We disagree.

A court must look at the totality of the circumstances when assessing whether exceptional circumstances exist. In re W-F-, 21 I&N Dec. 503, 509 (BIA 1996) (citing the statute's legislative history). Exceptional circumstances are defined in the statute to include circumstances "beyond the control of the alien," such as "battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances." 8 U.S.C. § 1229a(e)(1). Failure to receive actual notice of the hearing is not an exceptional circumstance when the notice provided to the alien complied with 8 U.S.C. § 1229 and the only reason actual notice was not received was the alien's failure to update his address with his counsel, the immigration court, or DHS. Zapata v. Ashcroft, 93 Fed. Appx. 420, 423-24 (3rd Cir. 2004). It was not beyond Kasyupa's control that his current address was not on file. Because Mrs. Kasyupa's I-130 petition was pending, at the very least Kasyupa should have kept his current address on file with his attorney, and he could have inquired of the immigration court at any point regarding the status of the I-130 petition or the deportation proceedings.

Kasyupa argues that he did not know he was required to keep his current address on file with the immigration court and that the BIA abused its discretion in failing to consider this factor. Assuming, without deciding, that it was within the IJ's discretion to find that Kasyupa's good faith belief that he was no longer obligated to keep his address updated constituted an exceptional circumstance, the IJ did not abuse her discretion by declining to make such a finding. As the BIA concluded, Kasyupa's stated beliefs and misunderstandings are not supported by affidavits and therefore are not evidence to be considered on the motion to reopen. See Immigration and Naturalization Service v. Phinpathya, 464 U.S. 183, 189, n.6 (1984); Carrillo-Gonzalez v. Immigration and Naturalization Service, 353 F.3d 1077, 1079 (9th Cir. 2003). Even if Kasyupa's stated beliefs are taken into account, however, the record suggests that the case was administratively closed only while the I-130 petition was pending, and each notice that Kasyupa did receive over the many years his case was

pending indicated that he was required to keep his current address on file with the immigration court. The assertion that Kasyupa's INS officer said that Kasyupa no longer needed to report to the officer does not excuse Kasyupa's responsibility to keep his current address on file with the immigration court. Because the I-130 petition had not been granted, and because there was no final decision in Kasyupa's deportation proceedings, it was not reasonable for Kasyupa to believe that he was a lawful permanent resident of the United States and was no longer subject to immigration proceedings or the requirement to keep his current address on file.

Kasyupa asserts that the BIA should have taken into account the fact that his failure to attend the deportation hearing was in no way the result of a desire to delay the hearing or frustrate the immigration proceedings. Even if true, the lack of such an intent would not establish an exceptional circumstance. In cases in which exceptional circumstances were found to exist, the alien was an active participant in the immigration proceedings and demonstrated a desire to cooperate and comply with all aspects of the proceedings. In <u>Kaweesa v. Gonzales</u>, for instance, the alien received notice of her deportation hearing but mistakenly believed it was scheduled for three days later than it was actually scheduled. 450 F.3d 62, 64 (1st Cir. 2006). The court found that the alien's absence from the hearing was a result of exceptional circumstances, noting that she had prepared to attend the hearing by taking the day off work and that she immediately filed a motion to reopen the case after she learned of her mistake. <u>Id.</u> at 70. In <u>Nazarova</u>, the alien received notice of her hearing but the INS made contradictory statements about whether an interpreter would be at the hearing. 171 F.3d at 481. The alien arranged to bring her own interpreter, but when she arrived at his office before the hearing, he was not present. <u>Id.</u> She decided to wait for him and, as a result, missed her deportation hearing by some two hours. <u>Id.</u> The Seventh Circuit held that the alien's absence was the result of exceptional circumstances and vacated the deportation order. In contrast to those cases, Kasyupa's failure to know that a hearing was scheduled was the result of his failure to remain active in the immigration proceedings, to the point that he was no longer in

touch with his own attorney even though a decision on the I-130 petition had not been reached.

B. Due Process

Kasyupa asserts that his Fifth Amendment right to due process was violated because his failure to receive actual notice of the deportation hearing denied him a meaningful opportunity to be heard. Although aliens are protected by the constitutional guarantee of due process, Briones-Sanchez v. Heinauer, 319 F.3d 324, 326-27 (8th Cir. 2003), due process requires only notice that is reasonably calculated to reach the alien. Haider, 438 F.3d at 908. Thus, if the notice sent to the alien complied with 8 U.S.C. § 1229, there is no due process violation even if the alien did not receive actual notice of the hearing. Id. Because Kasyupa concedes that the notice sent to him complied with the statute, there was no due process violation. See id. at 908-09.

The petition is denied.

_____