**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0775n.06

No. 09-3490

**FILED**
**Dec 20, 2010**
LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MOUSSA SOUMAH, | ) | |
| | ) | |
| Petitioner, | ) | **ON PETITION FOR REVIEW** |
| | ) | OF THE ORDER OF THE |
| v. | ) | BOARD OF IMMIGRATION APPEALS. |
| | ) | |
| ERIC H. HOLDER, JR., | ) | |
| Attorney General of the United States, | ) | |
| | ) | |
| Respondent. | ) | |

**BEFORE: MARTIN and SILER, Circuit Judges; BELL, District Judge.**[*]

**PER CURIAM.** Petitioner-Appellant Moussa Soumah seeks review of an order of

the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial

of his motion to reopen proceedings after the issuance of an in absentia removal order. He

argues that he did not receive adequate notice of the hearing. Because we find that the BIA

did not abuse its discretion in denying the motion to reopen, we affirm the BIA's decision

and deny Soumah's petition for review.

_____

[*]The Honorable Robert Holmes Bell, United States District Judge for the Western
District of Michigan, sitting by designation.

## I. Background & Procedural History

Soumah is a native and citizen of Guinea who entered the United States in July, 2003, and was admitted without a valid immigrant entry document. On January 20, 2004, he formally requested asylum. The asylum officer denied his request and referred the matter to the Immigration Court. On August 11, 2004, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA") and mailed it to Soumah's then-current address, where Soumah acknowledges that he received it. This charging document initiated removal proceedings against Soumah and ordered him to appear before an IJ but did not specify a time or date for the hearing. Rather, it stated that the hearing was "To Be Calendered." The NTA also apprised him of his responsibility to notify the Immigration Court immediately in the event that his mailing address changed. Soumah moved to a new address in April, 2005, and then again in April, 2007; on both occasions, he notified DHS but failed to notify the Immigration Court. On October 25, 2006, the Immigration Court mailed a Notice of Hearing ("NOH") to the address listed on Soumah's NTA apprising him of the date, time, and location of his hearing before the IJ. Soumah claims that he never received this NOH. When Soumah failed to appear at the hearing on November 20, 2006, the IJ entered an in absentia order of removal against him.

Soumah filed a motion to reopen on November 19, 2007. In that motion, Soumah argued that the order should not have been entered because (1) the NTA did not indicate a

time and place for the removal hearing, (2) he was not aware that he had to notify the Immigration Court of a change of address, and (3) he did not receive the NOH. The IJ denied this motion, and Soumah appealed to the BIA. The BIA found that the NTA was proper, and that since Soumah did not apprise the Immigration Court of his new address, he was not entitled to receive a notice of hearing. The BIA thus affirmed the IJ and dismissed Soumah's appeal. Soumah timely filed his petition for review with this Court.

## II. Discussion

### A. Standard of Review and Relevant Law

The BIA has broad discretion in denying motions to reopen, *INS v. Doherty*, 502 U.S. 314, 323 (1992), which we review for abuse of discretion, *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006). We will not find abuse of discretion unless the BIA's denial was arbitrary, irrational, or contrary to law. *Sswajje v. Ashcroft*, 350 F.3d 528, 532 (6th Cir. 2003) (citing *Babai v. INS*, 985 F.2d 252, 255 (6th Cir. 1993)). We review questions of law *de novo*, *Ali v. Ashcroft*, 366 F.3d 407, 409 (6th Cir. 2004), but we accord a great deal of deference to the Attorney General's and the BIA's permissible constructions of the statute which they administer. *See INS v. Aguirre-Aguirre*, 526 U.S. 415, 424 (1999); *see also* 8 U.S.C. § 1103(g)(2) (granting the Attorney General the authority to promulgate regulations).

The requirements for initiating removal proceedings are governed by 8 U.S.C. § 1229, and the proceedings themselves are governed by 8 U.S.C. § 1229a. To initiate

removal proceedings, the alien is served with a charging document referred to in the statute as a notice to appear. 8 U.S.C. § 1229(a)(1). The NTA should, *inter alia*, specify "[t]he time and place at which the proceedings will be held," include "[t]he requirement that the alien must provide the [Immigration Court] immediately with a written record of any change of the alien's address or telephone number," and inform the alien of the consequences of failure to keep the Immigration Court informed of his current contact information. *Id.* However, the time and place included in the NTA can be modified freely by a notice of hearing, and even this NOH is not required if the alien fails to keep the Immigration Court apprised of his current address. *Id.* § 1229(a)(2). If the alien fails to appear at the hearing, having received proper notification or having failed to provide a current address, he can face in absentia removal. *Id.* § 1229a(b)(5).

## B. Effectiveness of the NTA

Though Soumah concedes that he received the NTA, he now argues that it was deficient because it failed to specify a time and place for his hearing and only indicated that the hearing was "To Be Calendared." The Attorney General argues, and the BIA held, that the NTA is effective despite its failure to include this information.

Under the Immigration Court Rules of Procedure, DHS drafts the NTA, serves it on the alien, and then files it with the Immigration Court. *See* 8 C.F.R. § 1003.14(a). Also under these Rules, DHS is to "provide in the Notice to Appear, the time, place and date of

4

the initial removal hearing, where practicable." *Id.* at § 1003.18(b). However, it is often not practicable: "DHS frequently serves NTAs where there is no immediate access to docketing information." *Dababneh v. Gonzales*, 471 F.3d 806, 809 (7th Cir. 2006). In such circumstances, "the Immigration Court [is] responsible for scheduling the initial removal hearing and providing notice to the government and the alien of the time, place, and date of hearing." 8 C.F.R. § 1003.18(b). However, written notice to the alien is "considered sufficient . . . if it was provided at the most recent address provided by the alien," *id.* § 1003.26(d), and, in any case, "[n]o such notice shall be required for an alien not in detention if the alien has failed to provide the address required in [8 U.S.C. § 1229(a)(1)(F)]," *id.* § 1003.18(b). Given the wide latitude the statute grants the Immigration Court in controlling its own docket, and given that the statute, too, eliminates the notice requirement where the alien fails to apprise the Immigration Court of address changes, we hold that this construction of the statute is permissible and that the NTA's failure to specify a time or date of the hearing does not render it ineffective or relieve the alien of the responsibility to keep the Immigration Court apprised of his address.[1]

---

[1]In so holding, we note that at least two of our sister circuits have allowed for NTAs which do not include notice of the time and place of the removal hearing. *See Haider v. Gonzales*, 438 F.3d 902, 907 (8th Cir. 2006) ("The [Immigration and Nationality Act] simply requires that an alien be provided written notice of his hearing; it does not require that the NTA served on [the alien] satisfy all of § 1229(a)(1)'s notice requirements."); *and Dababneh*, 471 F.3d at 809 ("The fact that the government fulfilled its obligations under [§ 1229(a)] in two documents–rather than one–did not deprive the IJ of jurisdiction . . . .").

## C. Entitlement to notice

Soumah additionally argues that an alien can be removed in absentia only if DHS establishes by clear, unequivocal, and convincing evidence that the alien is removable and that written notice of the time and place of the proceedings were provided to the alien or to counsel of record. Soumah does not contest removability but, citing 8 C.F.R. § 1003.26(c), rests on the argument that the Service did not establish that he was provided with written notice. In so doing, Soumah fails to consider the entirety of his cited Rule, which goes on to state that "[i]f the respondent fails to provide his or her address as required under § 1003.15(d),[2] no written notice shall be required for an Immigration Judge to proceed with an in absentia hearing." 8 C.F.R. § 1003.26(d); *see also id*. § 1003.18(b) ("No such notice shall be required for an alien . . . if the alien has failed to provide the address required in [8 U.S.C. § 1229(a)(1)(F)]."); 8 U.S.C. § 1229(a)(2)(B) ("[A] written notice shall not be required under this paragraph if the alien has failed to provide the address required under paragraph (1)(F)."); *id*. § 1229a(b)(5)(B) ("No written notice shall be required under

Moreover, in *Haider*, as here, the alien does not appear to have received the NOH. 438 F.3d at 904.

[2]"Within five days of any change of address, the alien must provide written notice of the change of address on Form EOIR-33 to the Immigration Court where the charging document has been filed, or if venue has been changed, to the Immigration Court to which venue has been changed." 8 C.F.R. § 1003.15(d)(2).

subparagraph (A) if the alien has failed to provide the address required under [8 U.S.C. § 1229(a)(1)(F)].").

In this case, we find that both the NTA and the NOH were properly served on Soumah by mail, and the only reason he failed to receive the NOH was that he moved without updating his address. In conceding that he failed to provide the address required, Soumah also conceded that he was not entitled to receive the NOH, *see* 8 U.S.C. § 1229(a)(2)(B), and could be removed in absentia, *see* 8 U.S.C. § 1229a(b)(5)(B).

Accordingly, we **DENY** the petition for review and **AFFIRM** the Board of Immigration Appeals.