# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3552
_____

Vincent Kigada Angaya

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: June 8, 2017
Filed: July 21, 2017
[Unpublished]
_____

Before LOKEN, MURPHY, and MELLOY, Circuit Judges.
_____

PER CURIAM.

Vincent Angaya, a native and citizen of Kenya, was ordered removed in absentia after he failed to appear at a removal hearing in immigration court. He subsequently filed a motion to reopen his removal proceedings that was denied by an immigration judge (IJ). The Board of Immigration Appeals (BIA) dismissed Angaya's appeal. Angaya then filed a petition for review which we now deny.

I.

Vincent Angaya was placed in removal proceedings by the Department of Homeland Security (DHS) in 2010. Angaya conceded his removability but filed an application seeking asylum, among other things. In May 2013 Angaya and his then attorney appeared via telephone before an IJ. During that hearing the IJ informed Angaya that he would have an individual hearing in September 2014. At some point after this telephonic hearing Angaya moved and failed to notify either his counsel or the immigration court of his change in address. His counsel eventually asked to withdraw from Angaya's case, stating that Angaya was uncooperative and had failed adequately to communicate with him. Angaya's counsel also reported that he had informed Angaya of his individual hearing "on several occasions via telephone, Certified Mail/Return Receipt Requested and via E-mail." The IJ granted Angaya's counsel's motion to withdraw in April 2014.

Angaya failed to appear at his September 2014 hearing and a removal order was entered in absentia. He subsequently obtained new counsel and filed a timely motion to reopen in which he argued that exceptional circumstances prevented his appearance at the hearing. Angaya's motion to reopen was denied by the IJ and his appeal was dismissed by the BIA. Angaya petitions for review of the BIA's decision.

II.

We review the denial of a motion to reopen for abuse of discretion, giving de novo consideration to questions of law. Diaz v. Lynch, 824 F.3d 758, 760 (8th Cir. 2016) (per curiam). "An abuse of discretion occurs when the BIA's decision is without rational explanation, departs from established policies, invidiously discriminates against a particular race or group, or where the agency fails to consider all factors presented by the alien or distorts important aspects of the claim." Haider v. Gonzales, 438 F.3d 902, 906 (8th Cir. 2006) (internal quotations and citation

-2-

omitted).  In cases like this one where the BIA "essentially adopted the IJ's opinion while adding some of its own reasoning, we review both decisions."  Krasnopivtsev v. Ashcroft, 382 F.3d 832, 837 (8th Cir. 2004).

Under the Immigration and Nationality Act (INA), individuals who have been ordered removed in absentia may file a motion to reopen their removal proceedings. 8 U.S.C. § 1229a(b)(5)(C).  The removal order may only be rescinded, however, if the petitioner demonstrates either (1) "that the failure to appear was because of exceptional circumstances," or (2) that the petitioner received no notice of the removal proceedings.  Id.  The INA defines "exceptional circumstances" as circumstances "beyond the control of the alien," such as "serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien."  Id. § 1229a(e)(1).

Angaya concedes that he received notice of the September 2014 hearing which means that his sole argument is that the BIA erred by concluding that his failure to appear at his removal hearing was not excused by exceptional circumstances. Angaya's argument in this regard has two parts.  First, he contends that the government failed to argue that exceptional circumstances were lacking and that the IJ and BIA should thus have deemed this argument waived.  Angaya argues that the BIA's decision nonetheless to assess whether he had sufficiently proven exceptional circumstances therefore violated his due process rights.  Second, Angaya argues that the BIA erred by concluding that his failure to appear at his September 2014 hearing was not excused by exceptional circumstances.

Neither of Angaya's arguments has merit.  With respect to Angaya's first argument, the government's purported failure to argue that exceptional circumstances were lacking does not mean that the BIA abused its discretion by denying Angaya's motion to reopen on that ground.  The INA is clear that the burden of demonstrating exceptional circumstances rests with the petitioner.  See 8 U.S.C. § 1229a(b)(5)(C).

-3-

The government's failure to argue a lack of exceptional circumstances thus did not require the BIA to conclude that Angaya had carried his burden of demonstrating exceptional circumstances. Cf. United States v. Ellis, 815 F.3d 419, 421 (8th Cir. 2016) (noting that on a question of law even a "government[al] concession is not conclusive"). This is especially true because the government did not concede that Angaya had demonstrated exceptional circumstances, but merely neglected to present a full argument about why Angaya's circumstances were not exceptional before the immigration court. The BIA therefore did not violate Angaya's due process rights when it considered whether Angaya had demonstrated that exceptional circumstances should excuse his failure to appear at his 2014 removal hearing. See Lopez v. Heinauer, 332 F.3d 507, 512–13 (8th Cir. 2003) (reciting due process standard).

We also reject Angaya's contention that the BIA erred by concluding that he had failed to demonstrate that exceptional circumstances kept him from attending his removal hearing. Angaya suggests that his counsel's decision to withdraw and to send the hearing notice to his prior address are "exceptional circumstances" that necessitate the reopening of his case. We disagree. We have previously noted that "[f]ailure to receive actual notice of [a removal] hearing is not an exceptional circumstance when . . . the only reason actual notice was not received was the alien's failure to update his address with his counsel, the immigration court, or DHS." Kasyupa v. Keisler, 252 F. App'x 106, 108 (8th Cir. 2007) (per curiam). Moreover, Angaya's counsel's withdrawal and his subsequent sending of the hearing notice to Angaya's previous address resulted from the fact that Angaya was uncooperative and uncommunicative over a period of months. Angaya's failure to communicate with his counsel and the immigration court is not a circumstance "beyond the control of the alien," and therefore is not exceptional within the meaning of the INA. See 8 U.S.C. § 1229a(e)(1). For these reasons, the BIA did not abuse its discretion when it determined that Angaya had not demonstrated that his absence from his September 2014 removal proceedings was excused by exceptional circumstances.

-4-

## III.

Accordingly, we deny the petition for review.

_____