**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0021n.06

No. 13-3376

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 15, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LEI XIA, aka Yutian Xia, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |


BEFORE: SUHRHEINRICH, SILER, and KETHLEDGE, Circuit Judges.


PER CURIAM. Lei Xia, a citizen of China, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of an order of an immigration judge (IJ) denying his motion to reopen his removal proceedings to apply for asylum.

Xia was born in China in 1962. He entered this country in 2001 and overstayed his visa. In 2006, he was granted relief in the form of voluntary departure. However, he did not depart as he had agreed. Four years later, Xia moved to reopen his proceeding to apply for asylum, arguing that he had begun practicing Falun Gong in 2010, and that China was now persecuting Falun Gong practitioners more than it had at the time of his original removal hearing. The IJ found that Xia had demonstrated only a change in his personal circumstances and not a change in country conditions and, therefore, denied the motion as untimely. The IJ also stated that the motion would be denied as a matter of discretion, due to Xia's failure to voluntarily depart in

2006. The BIA agreed that the motion was untimely and dismissed Xia's appeal, without reaching the issue of whether he merited discretionary relief.

Xia repeats his arguments before this court. He argues that he will be punished if he returns to China because the government has learned of his practice of Falun Gong. He also argues that conditions have worsened in China for Falun Gong practitioners since the time of his original removal proceeding. In support of this argument, he points to articles indicating that the government of China arrested numerous Falun Gong practitioners prior to the 2008 Olympic Games.

A denial of a motion to reopen removal proceedings is reviewed for an abuse of discretion. *Daneshvar v. Ashcroft*, 355 F.3d 615, 625 (6th Cir. 2004). We find no abuse of discretion in this case. A motion to reopen is required to be filed within ninety days of a final order of removal, unless it is based on changed country conditions; if a motion filed more than ninety days after the final order of removal does not show changed country conditions, it is untimely. *Haddad v. Gonzales*, 437 F.3d 515, 517-18 (6th Cir. 2006). The IJ and BIA properly found that Xia failed to demonstrate that conditions had changed for the worse for Falun Gong practitioners since his 2006 hearing. *See Pllumi v. Attorney Gen. of the United States*, 642 F.3d 155, 161 (3d Cir. 2011). Proof that a preexisting condition has continued is insufficient. *Kucana v. Holder*, 603 F.3d 394, 397 (7th Cir. 2010). The record shows that persecution of Falun Gong practitioners has existed in China since before 2006. The increase in the number of arrests of Falun Gong practitioners prior to the 2008 Olympic Games does not help Xia's case, as he didn't start practicing Falun Gong until 2010. The IJ aptly quoted *Chen v. Gonzales*, 498 F.3d 758, 760 (7th Cir. 2007) ("It makes no sense to allow an alien who manages to elude capture by the immigration authorities for years after he has been ordered to leave the country . . . to use this

interval of unauthorized presence in the United States to manufacture a case for asylum"), in denying the motion.

Because there was no abuse of discretion in the finding that this motion to reopen was untimely, we deny the petition for review.