NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0520n.06

No. 13-4136

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 16, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| OSCAR O. PORRAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

BEFORE:  COLE, COOK, and WHITE, Circuit Judges.

PER CURIAM.  Oscar O. Porras, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an order of an immigration judge (IJ) denying his motion to reopen his removal proceedings.  We deny the petition for review.

Porras entered the United States in 2002 without inspection.  In 2009, the Department of Homeland Security charged him with being subject to removal as a non-citizen present in the United States without being admitted or paroled.  (A.R. 166.)  At his master calendar hearing on March 23, 2011, Porras was granted voluntary departure in lieu of removal, to be followed by removal to Mexico if he did not leave the United States by July 21, 2011.  (A.R. 116-17.)

On July 29, 2011, Porras filed a motion to reopen accompanied by an asylum application, claiming that he feared returning to Mexico based on changed circumstances.  (A.R. 12-13, 68-69.)  In his motion and supporting affidavit, Porras cited an incident that occurred in Mexico on June 5, 2011, when gang members shot his brother in the arm, referring to him by Porras's name

and calling him a "nortenos," i.e., "a person who lived in the north with money." (A.R. 12-13, 15.) Porras asserted that he feared returning to Mexico because of "all of the crime there" and that the shooting incident made him even more afraid. (A.R. 15.)

The immigration judge denied the motion to reopen, concluding that it was untimely because it was not filed within ninety days of the final order of removal and that the exception to the filing deadline did not apply because the attack on Porras's brother constituted a change in personal circumstances rather than a change in country conditions. (A.R. 61-63.) *See* 8 C.F.R. § 1003.23(b)(4)(i). The BIA affirmed without opinion. (A.R. 3.)

We review the denial of a motion to reopen for an abuse of discretion. *Yu Yun Zhang v. Holder*, 702 F.3d 878, 879 (6th Cir. 2012). An abuse of discretion occurs when the BIA denies the motion to reopen "without a rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis such as invidious discrimination." *Id.* (citation and internal quotation marks omitted). Because the BIA affirmed the IJ's decision without issuing its own opinion, we review the IJ's decision as the final agency determination. *See Denko v. INS*, 351 F.3d 717, 730 (6th Cir. 2003).

Motions to reopen are disfavored in removal proceedings and the agency is afforded "broad discretion" in deciding whether to grant them. *INS v. Doherty*, 502 U.S. 314, 323 (1992) (citation omitted). Accordingly, a party seeking reopening "bears a heavy burden." *Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007) (citation and internal quotation marks omitted). An application to reopen generally must be filed within ninety days of the entry of a final judgment. *Yu Yun Zhang*, 702 F.3d at 879. This filing deadline does not apply, however, if the motion to reopen is filed for the purpose of applying for asylum or withholding of removal "based on changed country conditions arising in the country . . . to which removal has been ordered, if such

evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see* 8 C.F.R. § 1003.2(c)(3)(ii). "[A] change in personal circumstances that is unaccompanied by a change in country conditions is insufficient to reopen proceedings." *Yu Yun Zhang*, 702 F.3d at 879-80.

Porras argues, as he did before the IJ, that he demonstrated changed country conditions based on the attack on his brother in Mexico. (Pet'r Br. 13.) The IJ reasonably determined, however, that this single attack was insufficient to demonstrate changed country conditions and instead constituted a changed personal circumstance. Aside from this incident, Porras provided no evidence that conditions in Mexico changed between the time of his final order of removal (March 2011) and the time that he filed his motion to reopen (July 2011). *See Bi Feng Liu v. Holder*, 560 F.3d 485, 491-92 (6th Cir. 2009). Accordingly, his reliance on *Niyibizi v. Mukasey*, 300 F. App'x 371 (6th Cir. 2008), is misplaced. In that case, the petitioner sought reopening based on his recent work as a translator for the United States Department of Justice "in a highly publicized prosecution . . . that revealed that . . . government officials engaged in . . . toturue" in his home country, Rwanda. 300 F. App'x at 374-75. Because the case in which the petitioner assisted "reveal[ed] disturbing new information about the Rwandan government's abusive treatment of prisoners," his claim was not of a "*purely* personal change, but rather a personal change coupled with a change in country conditions." *Id.* at 375. Similarly, in *Yu Yun Zhang*, the petitioner provided evidence that, in the nine years since she was ordered removed to China, the Chinese government had intensified its persecution of Christians. 702 F.3d at 880. In this case, by contrast, Porras did not submit any documentary evidence regarding gang activity in Mexico to the IJ, offering only his own assertion that the situation there was "getting worse." (A.R. 16.) Absent any previously unavailable evidence of changed country conditions during the

relevant time period, the BIA did not abuse its discretion by denying Porras's motion to reopen. *See, e.g.*, *Bi Feng Liu*, 560 F.3d at 491-92.

Before this court, Porras seeks to bolster his claim of changed country conditions by citing evidence not included in the record, including a 2012 Human Rights Watch report and a travel warning report issued by the State Department. (Pet'r Br. 19-23.) Our review, however, "is limited to the administrative record." *Lin v. Holder*, 565 F.3d 971, 979 (6th Cir. 2009) (noting that this court "cannot take judicial notice of facts, including country reports, outside the administrative record" (citation and internal quotation marks omitted)). Accordingly, we cannot consider this evidence, which, in any event, does not establish that there was a material change in country conditions between the time of the order of removal and the time that Porras filed his motion to reopen. *See Bi Feng Liu*, 560 F.3d at 491-92; *see also Lei Xia v. Holder*, 550 F. App'x 285, 286 (6th Cir. 2014) ("Proof that a preexisting condition has continued is insufficient.").

For these reasons, we deny the petition for review.