NOT FOR FULL-TEXT PUBLICATION
File Name: 09a0404n.06

No. 08-3894

**FILED**
**Jun 03, 2009**
LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JOSE MOTA-ROMAN,

          Petitioner,

v.

ERIC H. HOLDER, JR.,
Attorney General,

          Respondent.

_____/

ON APPEAL FROM THE
BOARD OF IMMIGRATION

BEFORE: MARTIN, SUHRHEINRICH and GIBBONS, Circuit Judges.

**PER CURIAM.** Jose Mota-Roman petitions for review of a final order of the Board of Immigration Appeals ("BIA"), affirming the decision of an Immigration Judge ("IJ"), who denied Mota-Roman's motion to reopen removal proceedings to rescind an *in absentia* order of removal. Mota-Roman challenges the adequacy of notice provided of his removal proceedings under both the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. For the reasons that follow, we **DENY** the petition.

## I. Background

Mota-Roman is a native and citizen of Mexico. He entered the United States illegally at an unknown date and unknown place. On September 12, 2005, the Department of Homeland Security ("DHS") personally served Mota-Roman with a written Notice to Appear ("NTA"), charging him as removable for being present in the United States without being properly admitted or paroled, in violation of § 212(a)(6)(A)(i) of the INA 8 U.S.C. § 1182. Mota-Roman gave the DHS his home

address as "26 Russ St. APT C-4, Hartford, CT 06106," which is listed on the NTA.

The NTA ordered Mota-Roman to appear before an IJ at "1240 E. 9th Street Room 521A Cleveland OHIO US 44199" at a date and time "to be set." The NTA also warned Mota-Roman that failure to keep his address current could result in removal *in absentia*:

> You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. . . . Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

Mota-Roman refused to sign the NTA, but his fingerprint appeared on the document. The DHS agent also provided Mota-Roman with oral notice in English and Spanish of the time and place of his hearing and of the consequences of his failure to appear.

On December 27, 2006, the Immigration Court mailed a "Notice of Hearing in Removal Proceedings" to Mota-Roman at the address listed on his NTA, indicating that a hearing was scheduled for March 28, 2007. The address of the Immigration Court was listed on the notice of hearing as "801 W. SUPERIOR AVE, STE13-100 CLEVELAND, OH 44113." On January 31, 2008, the notice of hearing was returned to the Immigration Court as undeliverable.

When Mota-Roman did not appear at the March 28, 2007 hearing, the IJ conducted an *in absentia* hearing. After determining that Mota-Roman was served with written notification of the hearing and that the documentary evidence established that he was removable, the IJ ordered him removed to Mexico *in absentia*.

-2-

On March 17, 2008, Mota-Roman filed a motion to reopen to rescind the *in absentia* order of removal, claiming that he failed to appear due to lack of notice. In a written order dated April 11, 2008, the IJ denied Mota-Roman's motion to reopen.

On April 18, 2008, Mota-Roman timely appealed the IJ's decision to the BIA. On July 15, 2008, the BIA, *per curiam*, affirmed the IJ's decision denying Mota-Roman's motion to reopen. The BIA dismissed Mota-Roman's argument that the NTA was defective for failing to indicate the time and date of his removal hearing. The BIA reasoned that, pursuant to 8 C.F.R. §§ 1003.18(a) and (b), while the DHS generally must provide the time, place, and date of the initial hearing in an NTA when it is practicable to do so, the Immigration Court is responsible for scheduling the initial removal hearing and providing notice to the government and the alien if the NTA does not contain that information. Therefore, because the immigration court's notice of hearing provided the date and time of his hearing, Mota-Roman was provided adequate notice of when the hearing would be held.

The BIA further held that the NTA was not defective simply because it listed an incorrect address for the Immigration Court. Mota-Roman was provided with the correct address in the written notice of hearing. The BIA reasoned that under the INA, that written notice is considered sufficient if provided at the alien's most recent address. 8 U.S.C. § 1229a(b)(5)(A).

The BIA was unpersuaded by Mota-Roman's argument that he could not have updated his address because he was provided the wrong address for the Immigration Court. Mota-Roman never alleged that he attempted to submit a change of address to the Immigration Court after receiving personal service of his NTA, and he never submitted a sworn affidavit in support of his motion to reopen explaining the reason for his failure to appear.

Finally, the BIA disagreed with Mota-Roman's argument that his motion to reopen should

be granted because he never received the notice of hearing. The BIA held that because Mota-Roman failed to update his address, the Immigration Court was not required, pursuant to 8 C.F.R. § 1003.18(b), to provide notice.

On July 22, 2008, Mota-Roman filed a petition for review with this Court.

## II. Analysis

### A. Standard of Review

The BIA has "broad discretion" to grant or deny a motion to reopen. *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992). Therefore, we review the BIA's denial of a motion to reopen for abuse of discretion. *Id.*; *Harchenko v. I.N.S.*, 379 F.3d 405, 409 (6th Cir. 2004). This Court finds an abuse of discretion if the denial of the motion to reopen "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005) (citation and quotation omitted).

Where, as here, "the BIA expressly adopts and affirms the IJ's decision but adds comments of its own, we directly review the decision of the IJ while also considering the additional comments made by the [BIA]." *Elias v. Gonzales*, 490 F.3d 444, 449 (6th Cir. 2007). Our review of an *in absentia* removal order is limited to: "(i) the validity of the notice provided to the alien, (ii) the reasons for the alien's not attending the proceeding, and (iii) whether or not the alien is removable." 8 U.S.C. § 1229a(b)(5)(D). We regard the adequacy of notice as a finding of mixed fact and law, *Cavin v. Honda of Am. Mfg., Inc.*, 346 F.3d 713, 723 (6th Cir. 2003), which we review de novo, *Santana-Albarran v. Ashcroft*, 393 F.3d 699, 703 (6th Cir. 2005).

### B. Mota-Roman Was Given Adequate Notice of His Removal Proceedings

Mota-Roman first argues that his NTA was defective for failing to specify the date and time of his removal proceedings. Pursuant to the INA, an alien must be given written notice of "[t]he time and place at which the proceedings will be held." 8 U.S.C. § 1229(a)(1)(G)(i). If the time or location of the hearing changes, section 1229(a)(2)(A) further requires that an alien be served, either personally or through the mail, with written notice of the new time or place of the proceedings and the consequences of failing to attend the proceedings. 8 U.S.C. § 1229(a)(2)(A). However, the INA does not prescribe requirements for serving the NTA. Instead, immigration regulations detail which immigration officers may serve the NTA, *see* 8 C.F.R. § 239.1, and explain that the "Immigration Court shall be responsible for scheduling cases and providing notice to the government and the alien of the time, place, and date of hearings," 8 C.F.R. § 1003.18(a). Generally, the NTA must provide "the time, place, and date of the initial removal hearing, where practicable," 8 C.F.R. § 1003.18(b), but if the NTA does not contain this information, "the Immigration Court shall be responsible for scheduling the initial removal hearing and providing notice to the government and the alien of the time, place, and date of hearing." 8 C.F.R § 1003.18(b).

Here, the NTA, which the DHS personally served on Mota-Roman, combined with the subsequent notice of hearing, satisfied the notice requirement. We are guided, as was the IJ, by the Eighth Circuit's decision in *Haider v. Gonzales*, 438 F.3d 902 (8th Cir. 2006). In *Haider*, the DHS served the petitioner with an NTA, ordering him to appear before an IJ "on a date to be set at a time to be set to show why the petitioner should not be removed from the United States." *Id.* at 904. The Immigration Court subsequently mailed the petitioner a notice of hearing that indicated the date and time of the proceedings. *Id.* The *Haider* court held that its "reading of the INA and the regulations compels the conclusion that the NTA and the [notice of hearing], which were properly served on [the

petitioner], combined to provide the requisite notice." *Id.* at 907. The court reasoned that "[t]he INA simply requires that an alien be provided written notice of his hearing; it does not require that the NTA served on [the petitioner] satisfy all of § 1229(a)(1)'s notice requirements." *Id.*

Indeed, as the Seventh Circuit recently explained, "DHS frequently serves NTAs where there is no immediate access to docketing information. In those circumstances, DHS may indicate in the NTA that it will give the alien subsequent notice of the precise time and place of the hearing once it files the NTA with the appropriate immigration court." *Dababneh v. Gonzales*, 471 F.3d 806, 809 (7th Cir. 2006) (citing 8 C.F.R. § 1003.18). That is what happened here. "This is not a scenario in which the government failed to include any information regarding time and date, or worse, purposefully omitted that information. Rather, DHS informed [the alien] that more information would be forthcoming." *Id.* Therefore, "the NTA and the subsequent hearing notice met all of the requirements of § 239(a)(1)." *Id.* Thus, Mota-Roman's argument that the NTA was deficient under the INA for failing to provide a date and time of his hearing fails.

Mota-Roman next argues that he was absolved of his duty to notify the Immigration Court of his updated address because the NTA contained the wrong address for the Immigration Court and, therefore, any such attempt to update his address would have failed. This argument is without merit. Even if we accept that the address in the NTA was incorrect, Mota-Roman has not submitted any evidence or sworn affidavit showing that he made any attempt to update his contact information with the Immigration Court. In all events, the burden was on Mota-Roman, and not the DHS, to provide written notice of his change of address to the Immigration court. *See* 8 U.S.C. §§ 1229(a)(1)(F)(ii). And because Mota-Roman failed to update his address, the Immigration Court was never required, per immigration regulations, to notify him of his removal proceedings. 8 C.F.R § 1003.18(b); *see*

*also United States v. Estrada-Trochez*, 66 F.3d 733, 736 (5th Cir. 1995) (explaining that "the ultimate fault [for missing a hearing] lies with the [petitioner] for his failure to comply with a law [requiring the petitioner to update his address] that is essential to the administration of the INS").

Mota-Roman also argues his due process rights were violated because the NTA did not provide proper notice of his immigration proceedings. We agree with Mota-Roman that the Due Process Clause applies to all "persons" within the United States, including aliens without lawful status. *See, e.g., Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "Due process requires notice that is reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Scorteanu v. I.N.S.*, 339 F.3d 407, 413 (6th Cir. 2003) (internal quotation and citation omitted); *see also Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 318 (1950) (stating "that within the limits of practicability notice must be such as is reasonably calculated to reach interested parties"). In immigration proceedings, "[n]otice of an exclusion hearing sent by regular mail to the last address provided by the alien satisfies the requirements of constitutional due process." *Gurung v. Ashcroft*, 371 F.3d 718, 721 (10th Cir. 2004).

We find no due process violation here. Mota-Roman gave an address, which was listed in the NTA, but did not notify DHS or the immigration court of his updated address when he moved. The record demonstrates that the Immigration Court properly sent the notice of hearing via first-class mail to Mota-Roman's address as contained in the NTA. Therefore, the Immigration Court's method of service complied with § 239 of the INA, 8 U.S.C. § 1229, and was reasonably calculated to ensure that Mota-Roman received notice of his hearing, thereby satisfying the requirements of due process. *See Al-Rawahneh v. I.N.S.*, 38 F. Appx. 271, 276 (6th Cir. 2002) (stating that "notice of hearing sent

-7-

by first-class mail to the last known address has been held to satisfy due process even if the notice is returned as undeliverable") (citing *Estrada-Trochez*, 66 F.3d at 736 & n. 1 (holding that a notice of hearing sent to an alien via first-class mail at his last known address satisfied due process requirements where the alien failed to notify the INS of his new address)).

Mota-Roman further argues that, under the INA, the issue of notice does not turn on whether that notice was properly sent but was actually *received*. In support, Mota-Roman cites several cases from our sister circuits where the courts reversed the BIA's denial of motions to reopen even though the alien showed nonreceipt of notice. *See Ko v. Gonzales*, 421 F.3d 453 (7th Cir. 2005); *Joshi v. Ashcroft*, 389 F.3d 732 (7th Cir. 2004); *Sabir v. Gonzales*, 421 F.3d 456 (7th Cir. 2005); *Kozak v. Gonzales*, 502 F.3d 34 (1st Cir. 2007). His reliance on those cases is misplaced. In each of those cases, the courts noted that the alien was not attempting to thwart delivery of the notice. *See Ko*, 421 F.3d at 455 (holding that reopening was warranted where a notice of hearing was returned undeliverable but where the alien "was [not] deliberately hiding from immigration officials" in order to thwart notice); *Joshi*, 389 F.3d at 736 (remanding to the BIA to consider evidence that the petitioner had diligently attempted, via two certified letters, to learn the date and status of her removal proceedings but where she missed her hearing because of alleged nonreceipt of a hearing notice); *Sabir*, 421 F.3d at 459 ("It is undisputed that [the petitioner] did not receive the notice of his hearing [and that] it was returned to the immigration court marked 'Attempted-Not Known.' But what if, as the IJ speculated, it was [the petitioner's] own fault that the notice was not delivered? An alien should not be able to make himself unreachable, and then later ask to have his case reopened because he did not receive notice."); *Kozak*, 502 F.3d at 35 (remanding to the BIA where the BIA applied an inappropriate legal standard in determining whether an alien had received his

notice of hearing when the alien acknowledged the notice was properly addressed to his current address but was never received). The big difference here is that Mota-Roman never made any attempt to apprise the Immigration Court of his whereabouts so that notice could be received. Moreover, Mota-Roman's argument overlooks express language in the INA eliminating the notice requirement altogether where an alien fails to provide updated contact information. *See* 8 U.S.C. § 1229a(b)(5)(B) (providing that "[n]o written notice shall be required . . . if the alien has failed to provide [*inter alia*, a written record of any change of the alien's address or phone number]").

Mota-Roman's final argument is that the BIA impermissibly required Mota-Roman to "demonstrate prejudice" as a prerequisite to having his *in absentia* removal order rescinded. Mota-Roman asserts that by requiring evidence that he attempted to update his address but failed because he was given the incorrect address to the Immigration Court, the BIA grafted a new prejudice requirement into the INA that erroneously disqualified him from rescission of the removal order. In support of this argument, he cites several decisions of the BIA and our sister circuits in which petitioners sought to reopen proceedings based upon "exceptional circumstances" where either counsel or counsel's staff had committed some error that resulted in the petitioners' failure to attend removal proceedings. *See Matter of Grijalva-Barrera*, 21 I. & N. Dec. 472, 474 n.2 (B.I.A. 1996); *Matter of Rivera*, 21 I. & N. Dec. 599, 608 n.1 (B.I.A. 1996); *Galvez-Vergara v. Gonzales*, 484 F.3d 798, 803 n.6 (5th Cir. 2007); *Lo v. Ashcroft*, 341 F.3d 934, 939 n.6 (9th Cir. 2003).

We disagree with Mota-Roman's premise and with his reading of the BIA's decision. Because Mota-Roman was arguing inadequate notice, the BIA was considering the sufficiency of the notice provided. The BIA noted that written notice is considered sufficient if provided at the alien's most recent address. The BIA searched the record for evidence that he attempted to update

his address but found nothing in the record indicating that he tried. Accordingly, the BIA found the notice of hearing, though returned undeliverable, satisfied the notice requirements in the INA because it was mailed to the address listed on the NTA, which was the last address Mota-Roman provided. We do not see that the BIA imposed a requirement of prejudice in its reasoning.

Further, Mota-Roman's authorities do not support his argument. Each of his cited cases contain the narrow holding that an alien is not required to show prejudice when a motion for rescission of an *in absentia* removal order is based upon "exceptional circumstances" and is grounded in ineffective assistance of counsel. Mota-Roman is not seeking to reopen based upon exceptional circumstances or ineffective assistance of counsel but rather based upon inadequate notice under 8 U.S.C. § 1229a(b)(5)(C)(ii). Therefore, none of Mota-Roman's authorities apply here. At any rate, we do not read any prejudice requirement in the BIA's decision, so this argument is moot.

### III. Conclusion

For the foregoing reasons, we **DENY** Mota-Roman's petition for review.