**NOT RECOMMENDED FOR PUBLICATION**
File Name: 15a0176n.06

**No. 14-3685**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

DAVID HERRERA-OROZCO,

  Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

  Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
Mar 06, 2015
DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW FROM THE UNITED STATES BOARD OF IMMIGRATION APPEALS

---

BEFORE: MOORE, GIBBONS, and GRIFFIN, Circuit Judges.

  GRIFFIN, Circuit Judge.

  Petitioner David Herrera-Orozco, a native and citizen of Mexico, petitions for review from an order of the Board of Immigration Appeals ("BIA") affirming, without opinion, the decision of the immigration judge ("IJ") denying his motion to reopen removal proceedings. For the reasons that follow, we deny the petition.

I.

  On April 19, 2011, petitioner Herrera-Orozco was personally served with a Notice to Appear ("NTA") charging him as removable under the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who was present in the United States without having been admitted or paroled. The NTA ordered him to appear before the Oakdale, Louisiana, Immigration Court on a date and time to be set by further order of the court ("If you

fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence.").

The case was subsequently transferred to Memphis, Tennessee, where Herrera-Orozco resided. On July 8, 2011, the Immigration Court mailed Herrera-Orozco a notice of hearing, which informed him that he was required to appear in Memphis for removal proceedings on January 24, 2012. Herrera-Orozco appeared with counsel at the hearing, admitted to the factual allegations contained in the NTA, and conceded the charge of removability. He explained that he had entered the United States through Texas in 1997. Counsel asked for a continuance for attorney preparation, and the case was reset for a hearing on December 4, 2012. When Herrera-Orozco returned with counsel for the rescheduled hearing, he sought no relief from removal, but requested and was granted voluntary departure with a departure date on or before March 3, 2013.

Herrera-Orozco retained new counsel. On January 25, 2013, he moved to reopen the proceedings, arguing that the April 19, 2011, NTA was defective because it did not specify the date and time of his initial hearing, but merely stated that these were "to be set" in the future by the immigration court. Herrera-Orozco claimed that, as a result, the proceedings were improperly initiated under 8 U.S.C. § 1229(a)(1)(G)(i),[1] and the IJ lacked subject-matter

---

[1] INA § 239(a)(1) provides in relevant part: "In removal proceedings under section 1229a of this title, written notice (in this section referred to as a 'notice to appear') shall be given in person to the alien . . . specifying the following: . . . (G)(i) The time and place at which the proceedings will be held." 8 U.S.C. § 1229(a)(1)(G)(i).

INA § 239(a)(2) states: "In removal proceedings under section 1229a of this title, in the case of any change or postponement in the time and place of such proceedings . . . a written notice shall be given in person to the alien . . . specifying—(i) the new time or place of the proceedings . . . ." 8 U.S.C. § 1229(a)(2)(A)(i).

jurisdiction over the case. Herrera-Orozco therefore requested that his case be reopened and that the NTA be terminated.

On April 4, 2014, the IJ issued an order denying Herrera-Orozco's motion to reopen, finding that the NTA at issue complied with the statute and the applicable regulations. Citing case authority, the IJ held that the process by which an alien who has received an NTA is subsequently notified of the date and time of his hearing by a hearing notice "is a valid practice that does not negate an Immigration Court's jurisdiction." The IJ acknowledged Herrera-Orozco's argument that the regulations permitting the two-step process were ultra vires, but held that he lacked jurisdiction to rule on the validity of the regulations (citing *Matter of Fede*, 20 I. & N. Dec. 35, 36 (BIA 1989) ("A regulation promulgated by the Attorney General has the force and effect of law as to this Board and immigration judges, and neither has any authority to consider challenges to regulations implemented by the Attorney General[.]")). Finally, the IJ emphasized that Herrera-Orozco had "clearly received proper notice of his hearing[,] as he appeared before the Court with counsel . . . and conceded that he was removable." Because Herrera-Orozco identified no other form of relief in his motion, the IJ declined to reopen the proceedings.

Herrera-Orozco appealed to the BIA, reiterating the same arguments that he advanced before the IJ. On June 13, 2014, the BIA affirmed, without opinion, the decision of the IJ. This timely petition for review followed.

## II.

"A motion to reopen is a form of procedural relief that asks the Board to change its decision in light of newly discovered evidence or a change in circumstances since the hearing." *Dada v. Mukasey*, 554 U.S. 1, 12 (2008) (citation omitted). Pursuant to regulation and statute,

the BIA may grant a motion to reopen proceedings in certain circumstances, including where a movant has presented new eligibility for relief from removal. *Id*. at 14; 8 C.F.R. § 1003.2(c)(1). However, "[m]otions to reopen are disfavored in removal proceedings and the agency is afforded broad discretion in deciding whether to grant them." *Porras v. Holder*, 572 F. App'x 436, 437 (6th Cir. 2014) (citation and internal quotation marks omitted). Thus, we review the denial of a motion to reopen for an abuse of discretion, which occurs when the denial of the motion to reopen "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Bi Feng Liu v. Holder*, 560 F.3d 485, 490 (6th Cir. 2009).

Where, as here, the BIA affirms the decision of the IJ without a substantive opinion, we directly review the IJ's decision. *Sanusi v. Gonzales*, 474 F.3d 341, 345 (6th Cir. 2007). The issue of the adequacy of notice is a finding of mixed fact and law which we review de novo, *Mota-Roman v. Holder*, 331 F. App'x 379, 382 (6th Cir. 2009), "but we accord a great deal of deference to the Attorney General's and the BIA's permissible constructions of the statute which they administer." *Soumah v. Holder*, 403 F. App'x 999, 1001 (6th Cir. 2010).

In the present case, the arguments made by Herrera-Orozco in his motion to reopen were neither new nor reflective of any change in circumstances since his prior hearing. And, as the IJ accurately noted in his analysis, Herrera-Orozco's exact argument that his NTA is deficient under the INA has been addressed and soundly rejected by our court and the other courts of appeals that have confronted this question. In light of the INA's statutory and regulatory scheme, we have held that service of an NTA that indicates that the date and time of a hearing will be set in the future, followed by successful service of a separate notice specifying the precise date and time of the hearing, satisfy the notice requirements of INA § 239(a)(1). *See Beltran-*

*Rodriguez v. Holder*, 530 F. App'x 464, 465 (6th Cir. 2013) ("The BIA also properly determined that the alleged deficiencies in the notices to appear did not deprive the IJ of jurisdiction because the petitioners were subsequently notified in writing of the time and date of the hearing."); *Soumah*, 403 F. App'x at 1001–02 (holding that the failure of the NTA to specify a time or date of the hearing did not render it ineffective or relieve the alien of the responsibility to keep the immigration court apprised of his address); *Mota-Roman*, 331 F. App'x at 382 ("Here, the NTA, which the DHS personally served on [the alien], combined with the subsequent notice of hearing, satisfied the notice requirement [of INA § 239(a)(1)].").

Our sister circuits have reached the same conclusion. *See Guamanrrigra v. Holder*, 670 F.3d 404, 409–10 (2d Cir. 2012) (holding that service of an NTA without a specific set date and time for the alien's removal proceeding, followed by service of separate notice indicating precise date and time of hearing, satisfied the INA's notice requirements); *Popa v. Holder*, 571 F.3d 890, 896 (9th Cir. 2009) ("[W]e hold a Notice to Appear that fails to include the date and time of an alien's deportation hearing, but that states that a date and time will be set later, is not defective so long as a notice of the hearing is in fact later sent to the alien."); *Gomez-Palacios v. Holder*, 560 F.3d 354, 359 (5th Cir. 2009) ("[A]n NTA need not include the specific time and date of a removal hearing in order for the statutory notice requirements to be satisfied; that information may be provided in a subsequent [notice of hearing]."); *Dababneh v. Gonzales*, 471 F.3d 806, 809 (7th Cir. 2006) ("The fact that the government fulfilled its obligations under INA § 239(a) in two documents—rather than one—did not deprive the IJ of jurisdiction to initiate removal proceedings."); *Haider v. Gonzales*, 438 F.3d 902, 907 (8th Cir. 2006) ("Haider has contended that his removal proceedings must be reopened because the NTA failed to notify him of the date and time of his removal hearing. . . . [But] [o]ur reading of the INA and the regulations compels

the conclusion that the NTA and the NOH, which were properly served on Haider, combined to provide the requisite notice.").

In light of this abundant and consistent case law, the IJ did not abuse his discretion in declining to reopen Herrera-Orozco's removal proceedings on account of the two-step process by which he received notice of his proceedings. This is not a case in which an alien lacked notice of his hearing. To the contrary, Herrera-Orozco conceded that he received both the NTA and his hearing notice, which together informed him of the requisite information under INA § 239(a)(1). He appeared for multiple proceedings, conceded his removability, and applied for no form of relief from removal. Under these circumstances, the IJ acted within his broad discretion in denying Herrera-Orozco's motion to reopen. *See Mota-Roman*, 331 F. App'x at 383 ("'This is not a scenario in which the government failed to include any information regarding time and date, or worse, purposefully omitted that information. Rather, DHS informed [the alien] that more information would be forthcoming.' Therefore, 'the NTA and the subsequent hearing notice met all of the requirements of § 239(a)(1).'") (quoting *Dababneh*, 471 F.3d at 809) (citations omitted).

III.

Accordingly, we deny Herrera-Orozco's petition for review.