NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0561n.06

No. 17-3259

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| SARAN NIOKA JAMES, | ) | **FILED** |
|  | ) | Oct 06, 2017 |
| Petitioner, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON PETITION FOR REVIEW |
|  | ) | FROM THE UNITED STATES |
|  | ) | BOARD OF IMMIGRATION |
| JEFFERSON B. SESSIONS, III, Attorney | ) | APPEALS |
| General, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

BEFORE: COLE, Chief Judge; ROGERS and GRIFFIN, Circuit Judges.

PER CURIAM. Saran Nioka James petitions this court for review of an order of the Board of Immigration Appeals (BIA) denying her motion to reconsider its prior order which had dismissed her appeal from an Immigration Judge's (IJ) denial of her motion to reopen and rescind an *in absentia* removal order. As set forth below, we deny the petition for review.

James, a native and citizen of St. Vincent, illegally entered the United States by crossing the St. Clair River into Michigan on August 29, 2003. That day, officials with the Department of Homeland Security (DHS) arrested James and personally served her with a notice to appear (NTA) in removal proceedings, charging her with removability as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). James signed the NTA twice and placed her fingerprint on the document. The NTA ordered James to appear before an IJ in Detroit, Michigan, at a date and time "to be set." The NTA advised James of her

obligation to provide her current address and the consequences of failing to provide her address or appear before the IJ:

> **Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

*See* 8 U.S.C. § 1229(a)(1)(F). The NTA indicated that James "failed to provide" an address, but that typewritten entry was crossed out and a handwritten notation added an address of "231 Gratton St., Brooklyn, NY 11212."

On January 7, 2005, the Immigration Court mailed a notice of hearing to the address handwritten on the NTA, informing James that a hearing had been scheduled for February 9, 2005, at 9:00 a.m. When James failed to appear for the hearing, the IJ ordered her removal *in absentia*. *See* 8 U.S.C. § 1229a(b)(5).

In 2016, more than a decade later, James filed a motion to reopen her removal proceedings and rescind the *in absentia* removal order, to allow her to pursue an application for adjustment of status based on her marriage to a United States citizen. James asserted that she never received notice of the hearing, that she never resided at the address where the Immigration Court mailed the hearing notice, and that she had "no idea where this address came from." Denying the motion, the IJ found that James had failed to overcome the presumption of delivery of the hearing notice. The IJ pointed out that the NTA informed James of her obligations to

appear for any hearings and provide any changes in address and that the hearing notice was mailed to the address listed on the NTA and was not returned as undeliverable.

James appealed to the BIA seeking reversal of the IJ's denial of her motion to reopen and rescind. Dismissing her appeal, the BIA concluded that James was not entitled to receive actual notice of the hearing because she failed to provide the Immigration Court with her current address. *See* 8 U.S.C. § 1229a(b)(5)(B). The BIA also declined to exercise its sua sponte authority to reopen the proceedings.

James moved for reconsideration and, in the alternative, asked the BIA to exercise its sua sponte authority to reopen proceedings. According to James, a presumption that she received the hearing notice did not arise because she did not provide the address listed on the NTA. The BIA denied James's motion to reconsider, determining that she failed to identify any legal or factual errors in its prior order, raised the same arguments that were considered on appeal, and raised new arguments that could have been raised on appeal. The BIA further concluded that James's motion failed to present any exceptional circumstance warranting the exercise of its sua sponte authority to reopen the proceedings.

This timely petition for review followed. "We review the BIA's denial of a motion to reconsider for abuse of discretion." *Yeremin v. Holder*, 738 F.3d 708, 718 (6th Cir. 2013). "The BIA abuses its discretion when it acts arbitrarily, irrationally or contrary to law." *Sswajje v. Ashcroft*, 350 F.3d 528, 532 (6th Cir. 2003).

James first argues that the BIA erred in failing to construe her motion to reconsider as a motion to reopen because her motion contained new evidence—her affidavit. "[W]hen new evidence is submitted as part of a motion to reconsider, the BIA construes such motions as motions to reopen." *Alizoti v. Gonzales*, 477 F.3d 448, 452 (6th Cir. 2007). The BIA considered

James's new affidavit in connection with her request for sua sponte reopening and pointed out that her new affidavit raised "the same or substantially similar" assertions as those raised in her prior affidavit. James has failed to show that the BIA abused its discretion where she explicitly titled and argued her motion as a motion to reconsider and where the BIA considered her purportedly new evidence in connection with her alternative request for sua sponte reopening.

James also contends that the BIA erred in failing to apply *Sanchez v. Holder*, 627 F.3d 226 (6th Cir. 2010), to her case. According to James, *Sanchez* stands for the proposition that "sending the [hearing] notice to the last address *provided by the alien* . . . creates a presumption that notice was received by the alien." *Id*. at 231 (emphasis added). Because she did not provide the address listed on the NTA, James argues, no presumption of receipt arose.

However, the BIA, unlike the IJ, did not rely on any presumption of receipt in upholding the denial of James's motion to reopen and rescind the *in absentia* removal order. An alien who does not attend a removal hearing after written notice has been provided shall be ordered removed *in absentia* if the DHS "establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable." 8 U.S.C. § 1229a(b)(5)(A). Written notice of the hearing is not required if the alien has failed to provide the address at which the alien may be contacted. 8 U.S.C. § 1229a(b)(5)(B); 8 C.F.R. § 1003.26(d); *see Sanchez*, 627 F.3d at 233 ("[A]ctual receipt of a hearing notice is not required if an alien fails to keep his or her address current with the Immigration Court."). Accordingly, to obtain reopening on the basis that she did not receive the hearing notice, James had to demonstrate: "(1) that [s]he provided the court with a correct, current address; and (2) that the notice was never received." *Thompson v. Lynch*, 788 F.3d 638, 643 (6th Cir. 2015) (quoting *Timchenko v. Holder*, 485 F. App'x 813, 815 (6th Cir. 2012)). James did not claim, and the record did not show, that she

provided the DHS or the Immigration Court with a correct, current address prior to the hearing. The BIA therefore concluded that James was not entitled to receive actual notice of the scheduled hearing. Because James failed to show that the BIA made any legal or factual errors in reaching that conclusion, the BIA did not abuse its discretion in denying her motion for reconsideration. *See Mu Ju Li v. Mukasey*, 515 F.3d 575, 578 (6th Cir. 2008) ("The purpose of a motion to reconsider is the correction of legal or factual errors that occurred in the BIA's original decision.").

Finally, James argues that she was deprived of her due process rights because the Immigration Court sent the hearing notice to an unknown address obtained from an unknown source. "Due process requires notice that is 'reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Scorteanu v. INS*, 339 F.3d 407, 413 (6th Cir. 2003) (quoting *Al-Rawahneh v. INS*, 38 F. App'x 271, 275 (6th Cir. 2002)). The DHS personally served James with a NTA, which she signed twice and fingerprinted, advising her of the obligation to provide her address and the consequences of failing to provide her address or appear for a hearing. The Immigration Court sent the hearing notice to the address listed on the NTA, and it was not returned as undeliverable. James neither provided her current address to the DHS or the Immigration Court nor gave notice that the address listed on the NTA was incorrect. Under these circumstances, there was no due process violation. *See Mota-Roman v. Holder*, 331 F. App'x 379, 383-84 (6th Cir. 2009).

James has failed to demonstrate that the BIA abused its discretion in denying her motion for reconsideration. Accordingly, we **DENY** James's petition for review.