**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 20a0563n.06**

**No. 19-4271**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| BRENDA AZUCENA PAZ-MARTINEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW |
| | ) | FROM THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| WILLIAM P. BARR, Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**FILED**
Oct 05, 2020
DEBORAH S. HUNT, Clerk

---

**BEFORE: COLE, Chief Judge; McKEAGUE and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.** Petitioner Brenda Azucena Paz-Martinez petitions for review from a decision by the Board of Immigration Appeals (BIA) denying her motion to reopen and rescind her *in absentia* removal order. Finding no abuse of discretion, we DENY the petition for review.

**I.**

Paz-Martinez, a native and citizen of Honduras, entered the United States without inspection at or near Hidalgo, Texas, on June 29, 2016. Department of Homeland Security (DHS) issued a notice to appear (NTA) on July 28, 2016, charging Paz-Martinez with removability as an immigrant who at the time of application for admission was not in possession of a valid entry document. *See* 8 U.S.C. § 1182(a)(7)(A)(i)(I).

While in custody, Paz-Martinez was served with the NTA, which informed her that she was required to notify DHS and the immigration court of any change in address and that failure to

appear for the hearing could result in a removal order in her absence. The next day, DHS served a notice of hearing setting a hearing date of August 11, 2016, in York, Pennsylvania. Paz-Martinez was then served with several additional notices of hearing rescheduling her hearing.

On October 14, 2016, Paz-Martinez was released on bond. She provided a Columbus, Ohio address to DHS, who notified her that she must inform the immigration court of any further change of address. Due to her relocation, DHS moved to change venue to Cleveland, which was granted. A notice of hearing was mailed to Paz-Martinez's Columbus address, setting a master immigration hearing for February 15, 2017, in Cleveland. Two subsequent notices of hearing were served on Paz-Martinez rescheduling her hearing.

In April 2017, with the assistance of her former counsel, Paz-Martinez filed a change-of-address form with the immigration court notifying the court of her relocation to Tampa, Florida, and moved to change venue on May 8, 2017. The immigration judge denied the motion to change venue on May 22, 2017, stating as a reason for the denial that a merits hearing was set for June 26, 2017. On June 5, 2017, former counsel moved to withdraw because former counsel could not represent Paz-Martinez if her hearing was in Cleveland. In that motion, former counsel stated that Paz-Martinez was aware that her immigration hearing was set for June 26, 2017, in Cleveland, and confirmed Paz-Martinez's current address was in Tampa. The motion was not received by the immigration court until June 13, 2017. On June 9, Paz-Martinez submitted supplemental documents in support of her application for asylum and withholding of removal, which were also received by the immigration court on June 13, 2017.

A day before the immigration court received the motion to withdraw and supplemental materials, on June 12, 2017, a notice of hearing was mailed to former counsel setting a hearing date of February 8, 2021. On June 15, the immigration court granted the motion to withdraw and

mailed a copy of the order to former counsel and Paz-Martinez on June 20. Also on June 20, the immigration court sent a notice of hearing to Paz-Martinez's Tampa address informing her of a master calendar hearing scheduled for August 16, 2017 (August 16 hearing). Paz-Martinez moved back to Ohio in advance of the previously scheduled June 26, 2017, hearing. She did not file a change-of-address form, so the June 20 notice informing her of the August 16 hearing date was sent to her Tampa address and returned as undeliverable. Paz-Martinez testified that after she moved back to Ohio, she was informed by former counsel that her hearing had been rescheduled for February 8, 2021.

Paz-Martinez failed to appear for the August 16 hearing, and the immigration judge issued an *in absentia* removal order at that time. The order was also mailed to Paz-Martinez's Tampa address and returned as undeliverable. Nearly two years later, on July 5, 2019, Paz-Martinez through new counsel filed a motion to reopen and rescind the *in absentia* removal order. Paz-Martinez submitted an affidavit explaining why she failed to appear at the August 16 hearing:

> I moved back to Columbus, Ohio a week or so before my scheduled hearing on June 26, 2017. The attorney I had in Florida sent me a new hearing notice that the court sent her. That notice said my new hearing date was on February 8, 2021. The attorney told me that was my next hearing. I never got any other hearing notices from the court or from the attorney.
>
> I first found out that I had a removal order around December 2017 or January 2018. I found out from my sister-in-law who had received a letter from ICE saying that she will lose her bond money because I had a removal order and that she had to surrender me to get the money back. We were both very confused because we thought my hearing was in 2021, and I had attended all of my previous hearings.
>
> My sister-in-law went to ICE in February 2018 to find out what the letter meant and what needed to be done. She then sent a letter to ICE to explain that I had attended all my hearings and that we didn't get any letters for a new hearing date. At the time, we did not have an attorney and we thought that was what we needed to do. I waited but did not hear back, so I started looking for an attorney who could help us figure out what is going on. My current attorney looked at the paperwork and explained to me that my sister-in-law tried to file a motion to reopen for me, but she did the wrong kind.

> My current attorney requested my file and reviewed it with me. She said there was another hearing notice that was mailed to my Tampa address around the time that I moved back to Ohio. I was surprised that this was not sent to my Columbus address because I had believed that my attorney at the time was going to update my address with the court as the last thing she would do for my case.

AR 88-89.

The immigration judge denied Paz-Martinez's motion, reasoning that the immigration court mailed the notice of the August 16 hearing to the address Paz-Martinez provided, and that she was aware of her obligation to keep the court informed of her current mailing address and the consequences of failing to do so. The immigration judge also found that Paz-Martinez was not diligent in filing a motion to reopen based on the delay between when she became aware of the removal order and when she filed her motion to reopen.

Paz-Martinez appealed to the BIA, which dismissed her appeal. The BIA agreed with the immigration judge that Paz-Martinez was not entitled to actual notice of the August 16 hearing because she did not inform the immigration court of her change of address; found that her motion to reopen was untimely and that she did not follow the procedural requirements for establishing ineffective assistance of counsel as a basis to reopen; and declined to equitably toll the filing deadline or reopen the proceedings sua sponte due to her delay in moving to reopen.

This appeal followed.

## II.

We review the BIA's denial of a motion to reopen for abuse of discretion. *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992). The BIA abuses its discretion when it fails to provide a rational explanation for its decision, inexplicably departs from established policies, or rests its decision on an impermissible basis. *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005). We review the BIA's factual findings for substantial evidence and will not overturn them "unless any reasonable

adjudicator would be compelled to conclude to the contrary." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009) (internal quotation marks and citation omitted).

An immigration judge may order an alien to be removed *in absentia* if DHS "establishes by clear, unequivocal, and convincing evidence that the" alien or her counsel was notified of the removal hearing and that the alien is removable. 8 U.S.C.§ 1229a(b)(5)(A). "Our review of an *in absentia* order is limited to: (1) the validity of the notice provided to the alien, (2) the reasons for the alien's not attending the proceedings, and (3) whether the alien is removable." *Santos-Santos v. Barr*, 917 F.3d 486, 489 (6th Cir. 2019) (citations omitted).

To notify an alien of a removal hearing, DHS must serve an NTA either on the alien or her attorney. 8 U.S.C. § 1229(a)(1); 8 C.F.R. § 1003.13. The NTA must contain, among other things, the date and time of the removal hearing, and an explanation of the alien's obligation to immediately update the address and telephone number on file with the court in the event of changes to avoid *in absentia* removal. 8 U.S.C. § 1229(a)(1)(F), (G)(i). "[I]f immigration authorities change the time or place of the immigration proceedings[,] . . . another 'written notice' shall 'specify[]' two things: both 'the new time or place of the proceedings' and 'the consequences' of a failure to appear." *Valadez-Lara v. Barr*, 963 F.3d 560, 565 (6th Cir. 2020) (second alteration in original) (quoting 8 U.S.C. § 1229(a)(2)(A)).

Once an alien receives notice of her obligation to provide DHS and the immigration court with a current address, if she fails to update her address, the immigration court need not provide further notice to the alien and may conduct the removal hearing *in absentia*. *See* 8 U.S.C. § 1229a(b)(5)(B) ("No written notice shall be required under subparagraph (A) if the alien has failed to provide the address required under section 1229(a)(1)(F) of this title.").

If the alien demonstrates that she did not receive an NTA or notice of hearing consistent with the statutory requirements, there is no time limit for filing a motion to reopen and rescind. *Id.* § 1229a(b)(5)(C)(ii). An alien may also move to reopen and rescind an *in absentia* removal order based on exceptional circumstances if the motion is filed within 180 days after the date of the *in absentia* order. *Id.* § 1229a(b)(5)(C)(i).

Paz-Martinez argues that she established that she did not receive notice of the August 16 hearing and is therefore entitled to rescission of the removal order. However, it is undisputed that immigration authorities complied with the notice requirements in serving Paz-Martinez with an NTA and subsequent notices of hearings, which included explanations about her obligation to notify the immigration court immediately if she changed her address, and that she failed to update her address with immigration authorities upon relocating from Tampa to Ohio. *See Valadez-Lara*, 963 F.3d at 565-67 (discussing notice requirements). We have held that "the actual receipt of a hearing notice is not required if an alien fails to keep his or her address current with the Immigration Court" because otherwise "aliens could frustrate the notice requirement by simply moving, not updating their address, and then using the paper trail of the certified-mail system to prove that they did not receive the notice." *Sanchez v. Holder*, 627 F.3d 226, 233 (6th Cir. 2010). Under these circumstances, aliens may not reopen their immigration proceedings based solely on lack of notice "because the nonreceipt was caused by the aliens moving without updating their respective addresses." *Id.* (citing *Mota-Roman v. Holder*, 331 F. App'x 379, 384 (6th Cir. 2009); *Ly v. Holder*, 327 F. App'x 616, 624 (6th Cir. 2009)); *see also Thompson v. Lynch*, 788 F.3d 638, 643 (6th Cir. 2015) (explaining that to prevail on a claim of nonreceipt, the petitioner "must overcome the presumption of delivery that arises when a Notice to Appear or notice of hearing is properly addressed and mailed to the last address provided by the alien" by showing

"(1) that he provided the court with a correct, current address; and (2) that the notice was never received" (internal quotation marks and citations omitted)). Accordingly, the BIA did not abuse its discretion in concluding that the immigration judge could order Paz-Martinez removed *in absentia* for failing to appear at the August 16 hearing.

Paz-Martinez also argues that she established exceptional circumstances for her failure to appear and that the deadline to file her motion to reopen should be equitably tolled because she exercised due diligence in filing her motion to reopen. Absent equitable tolling of the deadline, Paz-Martinez was required to file her motion to reopen based on exceptional circumstances within 180 days of the *in absentia* removal order. 8 U.S.C. § 1229a(b)(5)(C)(i).

The term "exceptional circumstances" is defined as "circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." *Id.* § 1229a(e)(1). Paz-Martinez filed her motion to reopen approximately twenty-two months after the entry of the *in absentia* removal order, well beyond the 180-day deadline. She nevertheless argues that she is entitled to equitable tolling of that deadline because she exercised diligence in filing her motion to reopen.

Ineffective assistance of counsel can constitute exceptional circumstances for purposes of filing a motion to reopen. *See, e.g.*, *Scorteanu v. I.N.S.*, 339 F.3d 407, 413 (6th Cir. 2003). The BIA, however, found that Paz-Martinez failed to establish exceptional circumstances for her failure to appear because "[w]hile [Paz-Martinez] blames her attorney for her nonappearance at the hearing, she has not satisfied the procedural requirements for establishing ineffective assistance of counsel." AR 4 (citing *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988)). Paz-Martinez does not argue that she complied with the requisite procedural requirements for an ineffective-assistance

claim or that she was not required to do so to raise an ineffective-assistance claim, and we have previously explained that "[s]ound policy reasons support compliance with the *Lozada* requirements" and that "failure to comply results in a forfeiture of [an] ineffective-assistance-of-counsel claim." *Hamid v. Ashcroft*, 336 F.3d 465, 469 (6th Cir. 2003) (citation omitted). Rather, Paz-Martinez contends that "[s]he does not file a *Lozada* claim, but instead contends that her own failure to file a change of address, and reliance on her attorney to file the change of address with the Court, is reasonable because she believed her attorney would update the address at the time she filed to withdraw as counsel." The BIA did not abuse its discretion in rejecting this argument as failing to establish exceptional circumstances, as the claim sounds in ineffective assistance but it is undisputed that Paz-Martinez did not comply with the procedural requirements for raising such a claim.

Apparently recognizing that she cannot succeed based on her ineffective-assistance argument, in her reply brief, Paz-Martinez "asks this Court to consider circumstances other than those involving ineffective assistance of counsel claims and find that the instant matter rises to a level of exceptional," relying on the overlapping filings by the immigration court, her attorney, and her, and the immigration court's resetting of her individual hearing in February 2021 to a master hearing in August 2017. Reply Br. at 1-3; *see also* Petitioner's Br. at 25-26. Although unfortunate, Paz-Martinez "has not shown that h[er] mistake as to the correct date for the hearing was in any way beyond h[er] control or of an extraordinary nature comparable to the exceptional circumstances specified by statute." *Acquaah v. Holder*, 589 F.3d 332, 336 (6th Cir. 2009). Despite the numerous filings and date changes, had Paz-Martinez informed the immigration authorities of her change in address as required, she would have received notice of the August 16 hearing and, presumably, attended that hearing. We cannot say that the BIA abused its discretion

in concluding that these circumstances were not exceptional within the meaning of the statute or "beyond the control of" Paz-Martinez.  8 U.S.C. § 1229a(e)(1).

Accordingly, even if Paz-Martinez is entitled to equitable tolling and her motion to reopen was timely, the BIA did not abuse its discretion in finding that she failed to show that she missed the August 16 hearing due to exceptional circumstances.

**III.**

For the reasons set out above, we DENY the petition for review.